WILSON *v.* WILSON

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 November 8, 1971, at Detroit. (Docket No. 10557.) Decided November 26, 1971.

Complaint by Carol Wilson against Raymond Wilson for divorce. Default judgment for plaintiff. Defendant appeals. Affirmed.

*Perlman & Garber (Norman L. Zemke, P. C.,* of counsel), for plaintiff.

*Thomas J. Olejnik,* for defendant.

Before: LESINSKI, C. J., and HOLBROOK and VAN VALKENBURG,* JJ.

PER CURIAM. Plaintiff Carol Wilson obtained a default judgment granting her a divorce from defendant Raymond Wilson on August 21, 1970. Defendant's motion to set aside the default judgment of divorce was denied by the trial court. He appeals as of right.

Defendant contends that the trial court's distribution of the marital assets was unjust and constituted an abuse of discretion on the part of the circuit court judge.

In *Isbey* v. *Isbey,* 31 Mich App 185, 188 (1971), this Court in reviewing a default judgment divorce decree stated:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Finally defendant complains that the court abused its discretion in the division of the marital property. Although our review is *de novo,* we give special weight to the trial judge's findings. *Guenin* v. *Guenin* (1970), 28 Mich App 449; *Westgate* v. (1939), 291 Mich 18. We feel that the award made in the case gives due consideration to the standard set forth in *Johnson* v. *Johnson* (1956), 346 Mich 418, and we are unconvinced that we would have had to reach a different result had we occupied the position of the trial court. *Paul* v. *Paul* (1960), 362 Mich 43; *Ross* v. *Ross* (1970), 24 Mich App 19."

In *Johnson* v. *Johnson,* 346 Mich 418, 431 (1956), the Michigan Supreme Court held that an award to the wife of 90% of the property accumulated during a 19-year marriage was not an inequitable distribution since all available factors involved were considered. These factors included: source of property, contribution toward its acquisition, the years of married life, the needs of the parties, their earning ability, the cause of the divorce, and even the needs of the children.

In the case at bar we do not find that the trial court abused its discretion in making the property settlement. The record indicates that the *Johnson* standard was complied with. Furthermore, the letter written by defendant to plaintiff, prior to this divorce, proposed the identical property settlement which the court authorized. While we agree with the defendant in his contention that the letter had no binding contractual effect, it is a strong indication that defendant felt such a property settlement equitable and just. The trial court's decision was therefore proper under all of the circumstances of the case.

Affirmed.