HOSTETLER v HOSTETLER

1. DIVORCE—APPEAL AND ERROR—JUDGMENT—MODIFICATION.

The Court of Appeals hears appeals in chancery matters *de novo* and does not generally reverse or modify property settlements in divorce judgments, unless convinced that it would have had to reach another result had it occupied the position of the trial chancellor.

2. DIVORCE—DIVISION OF PROPERTY.

The portion of property awarded to each party in a divorce action depends upon all the equitable factors involved, including source of property, contribution towards its acquisition, length of marriage, needs of the parties, their earning ability, the cause of divorce, and the needs of children.

3. DIVORCE—DIVISION OF PROPERTY—INCREASED PROPERTY VALUE—JUDICIAL NOTICE.

The division of real property valued at $31,500 in a 1972 divorce judgment was equitable when the trial judge required the plaintiff to pay the defendant husband $9,000 plus 6% interest within one year, where the property was purchased by the parties in 1958 for $10,000, certain improvements had been made on the property, the property was encumbered by a first mortgage of $3,900, and the plaintiff's parents furnished $5,500 towards the purchase of the property, because the $5,500 contributed years ago by the plaintiff should not now be evaluated as just that many dollars where the testimony at the trial brought out the fact that the property had appreciated substantially; the Court of Appeals takes judicial notice that generally the value of real property has increased and the purchasing power of money has decreased during the intervening time.

Appeal from St. Joseph, Robert E. A. Boyle, J. Submitted Division 3 April 5, 1973, at Grand Rapids. (Docket No. 14954.) Decided April 26, 1973.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 868.
[2, 3] 24 Am Jur 2d, Divorce and Separation §§ 883–924.

Complaint for divorce by Edith Hostetler against John Hostetler. Judgment for plaintiff. Defendant appeals from property settlement provisions of judgment. Affirmed.

*Weiner, Wade & Tucker,* for plaintiff.

*Bucknell, Gergely & Foley* (by *Michael C. Gergely* and *Paul Z. Domeny),* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and CHURCHILL,* JJ.

HOLBROOK, P. J. This is an appeal from a divorce judgment granted plaintiff in August of 1972, insofar as it pertains to the property settlement contained therein. The ages of the plaintiff and the defendant at the time of the divorce were 57 and 60 respectively. The marriage was of 38 years duration.

The parties owned real estate consisting of five to six acres with a residence, a barn and sheds located thereon. Plaintiff and defendant each owned one-third of the stock in a small feed mill corporation; defendant owned an Oldsmobile 88; and the parties together owned household furniture. Defendant sold his interest in the feed mill for monthly payments including interest totalling a little more than $15,000. Plaintiff had retained her interest in the feed mill. Plaintiff testified that she needed the use of the barn on the real estate of the parties in order to operate the feed mill. The barn was used as a storage building.

The trial court awarded the parties' five to six acres of land to the plaintiff and required her to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pay the defendant $9,000 plus interest at the rate of 6% within one year.

Defendant appeals claiming that the real property was of the value of $31,500 in accordance with the testimony of defendant's appraisers. The state equalized value of the property was set at $15,376. The trial court in its opinion stated that the property was of the value of between $20,000–$25,000.

This Court hears appeals in chancery matters *de novo* and we do not generally reverse or modify property settlements in divorce judgments, unless convinced that we would have had to reach another result had we occupied the position of the trial chancellor. *Wells v Wells,* 330 Mich 448 (1951); *Ethridge v Ethridge,* 322 Mich 578 (1948); *Paul v Paul,* 362 Mich 43 (1960). This Court stated in *Socha v Socha,* 5 Mich App 404, 410 (1966) as follows:

"The rule to be followed in divorces pertaining to division of the property is aptly stated in *Johnson v Johnson,* 346 Mich 418, 431 (1956), wherein the Court stated:

" 'The portion of property awarded to each party depends upon all the equitable factors involved, including the following: source of property, contribution towards its acquisition, the years of married life, the needs of the parties, their earning ability and also the cause for divorce. Even the needs of children may affect the property settlement.'

"See, also, *Stalker v Stalker,* 313 Mich 209 (1945); *Wells v Wells,* 330 Mich 448 (1951); *Cosher v Cosher,* 356 Mich 567 (1959); *Wojcik v Wojcik,* 375 Mich 616 (1965)."

In accordance with the rules just mentioned we consider the evidence of the case to determine if

the division of the property in the instant divorce judgment was equitable.

The property in question was purchased by plaintiff and defendant in September of 1958 for $10,000. They made certain improvements on the property over the years. At the time of the divorce there was a first mortgage of $3,900. Plaintiff testified that her mother furnished $3,500 to help purchase the property and that she inherited "a couple thousand from my father, and this went into this, too". This testimony was not contested or refuted by defendant. Defendant testified that he thought the value of the property was about $30,-000.

It appears to this Court that assuming the value of the property to be $31,500, we must take other facts into consideration before dividing it. First, there is $3,900 owed on the mortgage which reduces the value to $27,600. We must also take into account the $5,500 that plaintiff contributed towards the purchase and improvements of the property. Without considering appreciation of the plaintiff's contribution of $5,500 the $27,600 would be reduced by said sum to a figure of $22,100. One half to each of the parties under these assumed conclusions would give defendant $11,050, instead of the $9,000 he was awarded.

We are convinced that the $5,500 contributed years ago by the plaintiff should not now be evaluated as just that many dollars. The Court takes judicial notice that generally the value of real property has increased and the purchasing power of money has decreased during the intervening time. We know from the testimony herein that the appreciation of the real property from 1958 to the time of divorce was substantial.

We are constrained to rule that we would not

have had to reach a different result in determining the property settlement in this divorce had we been in the position of the trial chancellor. We rule that the property settlement was fair and equitable under the facts of the case.

Affirmed, costs to plaintiff.

All concurred.