IRELAND v IRELAND

1. DIVORCE—APPEAL AND ERROR—DE NOVO REVIEW.

The Court of Appeals reviews a divorce case *de novo* but it does not substitute its judgment for that of the trial court unless it is convinced that it would have reached a different conclusion had it occupied the position of the trial judge.

2. DIVORCE—ALIMONY—MEDICAL INSURANCE—MODIFICATION—APPEAL AND ERROR.

A divorce judgment is remanded to the trial court for further consideration on the issues of alimony and insurance where the former wife obviously needs hospitalization and medical insurance of some type, where the trial court recognized the plaintiff wife's needs in this area and sought to make some provision for them by ordering the defendant husband to continue carrying the plaintiff on his medical insurance at work, where it was later determined that defendant's company will not allow plaintiff to remain on defendant's insurance policies after the divorce, and where the record does not show whether the trial court would have refused to award alimony to plaintiff had he known that plaintiff's insurance needs could not be fulfilled through defendant's company; the question of who should bear this cost is, under the factual circumstances presented, a question that can best be answered by the trial judge.

Appeal from Wayne, John R. Kirwan, J. Submitted Division 1 October 16, 1974, at Detroit. (Docket No. 16912.) Decided November 25, 1974.

Complaint by Earlene J. Ireland against Harold Ireland for divorce. Judgment for plaintiff. Plaintiff appeals. Affirmed in part and remanded in part for further consideration.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 703.
[2] 24 Am Jur 2d, Divorce and Separation §§ 667, 674.

*Austin A. Howard,* for plaintiff.

*Andree DuFresne,* for defendant.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and CARLAND,* JJ.

V. J. BRENNAN, P. J. Plaintiff, Earlene J. Ireland, and defendant, Harold Ireland, were granted a no-fault divorce pursuant to MCLA 552.6; MSA 25.86 by Judge Kirwan of the Wayne County Circuit Court. The judgment of divorce was entered March 19, 1973, and plaintiff now appeals presenting several issues for our consideration.

Plaintiff's various assignments of error all relate to matters which are ordinarily left to the sound discretion of the trial judge. Plaintiff contends that the trial judge erred in not granting her any alimony, in not requiring defendant to maintain health insurance for her, and in requiring her to pay her outstanding medical bills.

We have closely examined the record in the instant case and find no error in the trial judge's decision with respect to plaintiff's outstanding medical bills. Although we review a divorce case *de novo,* we do not substitute our judgment for that of the trial court unless we are convinced that we would have reached a different conclusion had we occupied the position of the trial judge. *Wilson v Wilson,* 37 Mich App 255; 194 NW2d 430 (1971); *Ross v Ross,* 24 Mich App 19; 179 NW2d 703 (1970). We are not so convinced. The record more than adequately supports the trial judge's decision in this regard.

A different situation is presented with respect to plaintiff's other claims, however. The testimony

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

adduced at trial shows that plaintiff, who is 60 years old, has suffered from various medical ailments over the past few years, that she has not been gainfully employed since 1968 and that she is presently receiving $163 a month from social security. Nothing on the record indicates that plaintiff has any special skills or training for any specific type of work. The defendant, on the other hand, is 50 years old and presently employed by the Ford Motor Company. He testified that his gross income is around $180 a week and that his take-home pay amounts to $135 a week. During their marriage, defendant provided plaintiff with medical insurance through the Blue Cross-Blue Shield plan at work. Plaintiff's next assignment of error relates to her desire to continue to receive this medical and hospitalization insurance. Plaintiff argues that the trial judge originally ordered defendant to continue to pay Blue Cross-Blue Shield premiums for her and that the judgment of divorce, insofar as it differs from the trial judge's statement on the record, was entered erroneously. We find it unnecessary to determine whether this part of the judgment of divorce was properly entered because it has since been determined that Ford Motor Company will not allow plaintiff to remain on defendant's insurance policies since plaintiff and defendant are no longer married. One fact remains undisputed, however, and that is that the trial judge recognized plaintiff's needs in this area and sought to make some provision for them. In light of this and in light of the fact that plaintiff cannot remain on defendant's insurance policies, we believe that this case should be remanded to the trial court for further consideration on the issues of alimony and insurance. Plaintiff obviously needs hospitalization and medical insurance of some

type. The question of who should be made to bear this cost is, under the factual circumstances here presented, a question that can best be answered by the trial judge. We therefore remand the case to the trial court for further consideration on this issue in light of the facts as they now appear.

Similarly, the trial judge awarded no alimony to plaintiff obviously thinking that her medical needs would be provided for through defendant's insurance policies. This has been shown not to be the case and we are unable to determine from the record whether the trial judge would have refused to award alimony to plaintiff had he known that her insurance needs could not be fulfilled in such a manner. Accordingly, we also remand this part of the case for further consideration in light of the facts as they now appear.

Case remanded on the issues of alimony and insurance; affirmed in all other respects.

This Court retains no further jurisdiction.

All concurred.