IRISH v IRISH

1. DIVORCE—PROPERTY SETTLEMENTS—JUDGE'S DISCRETION—APPEAL AND ERROR.

The trial court in a divorce case has wide discretion in dividing the property of the marital estate, and while the Court of Appeals hears appeals in divorce cases *de novo,* it does not generally revise or modify property settlements unless it is convinced that it would have reached another result had it occupied the position of the trial court.

2. DIVORCE—PROPERTY SETTLEMENTS—EQUITABLE DIVISION.

Absolute equality is not required in a division of property in a divorce action; the goal sought is to reach a fair and equitable division of the property upon the particular facts of each case.

3. DIVORCE—PROPERTY SETTLEMENTS—EQUITABLE DIVISION—APPEAL AND ERROR.

A property settlement in a divorce judgment will not be disturbed where the trial court properly took into consideration all of the equitable facts involved, including the source of the property, each party's contribution toward acquisition of the property, length of the marriage, needs of the parties, their earning ability and the needs of the children involved, and where the Court of Appeals would not have reached a different result had it been in the position of the trial court.

4. JUDGES—DISQUALIFICATION—PREJUDICE—EVIDENCE.

A trial judge will not be disqualified from deciding a case absent actual proof of prejudice, and no prejudice was shown where a defendant's attorney requested a judge repeatedly over a period of 13 months to issue his opinion and there is nothing in the record or in the correspondence sent by the attorney to indicate

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 4 Am Jur 2d, Appeal and Error § 137.
5 Am Jur 2d, Appeal and Error §§ 703, 868.
24 Am Jur 2d, Divorce and Separation §§ 929, 930, 933.
[2] 24 Am Jur 2d, Divorce and Separation § 925 *et seq.*
[4] 46 Am Jur 2d, Judges §§ 166–179.

that the relationship between the trial court and the attorney was anything but harmonious.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 1 February 12, 1975, at Lansing. (Docket No. 20300.) Decided March 13, 1975.

Complaint by Sharon A. Irish against Richard L. Irish for divorce. Defendant cross-complained, also seeking divorce. Judgment of divorce granted to plaintiff. Defendant appeals. Affirmed.

*Lavan & Hegarty,* for plaintiff.

*Reid & Reid, P. C.,* for defendant.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

PER CURIAM. Defendant husband appeals from the judgment of divorce and property settlement granted below. Two issues are before us on appeal.

Defendant first contends that the trial court did not make a fair and equitable distribution of the property between the parties. It is well settled that the trial court has wide discretion in dividing the property of the marital estate. *Westrate v Westrate,* 50 Mich App 673; 213 NW2d 860 (1973), *Pinney v Pinney,* 47 Mich App 290; 209 NW2d 467 (1973). While this Court hears appeals in divorce cases *de novo,* we do not generally revise or modify property settlements unless convinced that we would have reached another result had we occupied the position of the trial court. *Ireland v Ireland,* 56 Mich App 594; 224 NW2d 662 (1974), *Mixon v Mixon,* 51 Mich App 696; 216 NW2d 625 (1974). Furthermore, as we stated in *Dougherty v Dougherty,* 48 Mich App 154, 160; 210 NW2d 151 (1973):

"It is fundamental that a division of property in a divorce action is not governed by a precise or rigid mathematical formula. *Johnson v Johnson,* 346 Mich 418; 78 NW2d 216 (1956). Upon the particular facts of each case, the goal sought is a fair and equitable division of the property, not absolute equality. *Cartwright v Cartwright,* 341 Mich 68; 67 NW2d 183 (1954)."

In the instant case, among other things, defendant husband was awarded, free and clear of any claim or interest of plaintiff, all of his 35 percent interest in two closed corporations while plaintiff wife was awarded the marital home of the parties together with the adjacent acreage. Defendant has produced a series of computations in support of his claim that his total interest in the two closed corporations was much less than the total value of the property awarded to plaintiff, and that the trial court's refusal to recognize this discrepancy was error. We disagree.

In this case the trial court reviewed the property holdings of the parties and attempted to achieve a settlement fair and equitable to each. In doing so, the trial court properly took into consideration all of the equitable facts involved, including the source of the property, each party's contribution toward acquisition of the property, length of the marriage, needs of the parties, their earning ability and the needs of the children involved.[1] *Westrate, supra.* Since the trial court is in a much better position to determine the relative influence of these factors, we give great weight to its analy-

[1] Although there is no need to recite the property award or judgment at length, we do wish to point out that the three children were provided for in the judgment. Defendant was ordered to pay $114 per week child support while there are three children being supported, $87 per week while there are two children being supported, and $60 per week while one child is being supported.

sis. After carefully reviewing both the trial court's opinion and the evidence, we are of the opinion that we would not have reached a different result in determining the property settlement in this divorce had we been in the position of the trial court. We hold that the property settlement prescribed in the divorce judgment was fair and equitable under the facts of this case. Absolute equality is not required. *Dougherty, supra.*

The second question before us is whether defendant's motion to disqualify the trial judge, made immediately after the judge had made a final disposition of the case by written opinion, should have been granted.

The trial judge did not issue his opinion in this case until almost 13 months after the close of trial. The record reveals that during this time, defense counsel wrote to the court on several occasions urging written disposition of the case. The tone of each letter was cordial and respectful. Shortly after the court's written opinion was rendered, defense counsel sought disqualification of the trial judge alleging that his client suffered bias and prejudice because of the delay in the issuance of the opinion.

GCR 1963, 405 enumerates the circumstances under which a judge may be disqualified, and provides in pertinent part:

".1 Grounds for Disqualification. The issue of disqualification of a judge to hear an action may be raised by motion of any party or by the judge upon his own motion. * * * The judge shall be deemed disqualified to hear the action when the judge:

* * *

"(3) is personally biased or prejudiced for or against any party or attorney;

* * *

"(8) for any other reason is excluded or disqualified from sitting as a judge at the trial."

Thus, we are concerned with the alleged partiality of the trial court by reason of the persistent periodic efforts of defense counsel to have the court issue its opinion.

In *Wayne County Prosecutor v Doerfler,* 14 Mich App 428, 441; 165 NW2d 648 (1968), we discussed the question of disqualification of a judge and formulated the following standard for interpretation of the court rule:

"An appellate court must demand actual proof of claimed prejudice when reviewing the non-judicial activities of a judge, and when none is forthcoming that court must find that no violation of due process has occurred. The language of GCR 1963, 405.1(8), apparently a catch-all phrase, still requires some actual showing of prejudice and it will not encompass the unfounded fears of defendants."

While the above-quoted statement was made in reference to the nonjudicial activities of a judge, we feel that it is equally applicable to a case such as this where the judicial activities of a judge are involved. Actual proof of prejudice must be presented before a trial judge will be disqualified.

In the case at bar, defendant has offered no evidence in support of his claim of prejudice and bias other than the fact his counsel repeatedly requested the trial court to issue its written opinion. As we noted earlier, there is nothing in the record or in the correspondence sent by defendant's attorney to indicate that the relationship between the trial court and defense counsel was anything but harmonious. The mere fact that the trial court's opinion and corresponding judgment

was unsatisfactory to the defendant will not give rise to a finding of prejudice or bias on the part of the court. Defendant offers no cases in which a judge was disqualified on the theory advanced here, or on any facts similar to those in this case. Accordingly, we find the disqualification was properly denied. Furthermore, our earlier conclusion that the trial court's division of the property between the parties was fair and equitable militates against a finding of bias or prejudice on the part of the trial court.

Affirmed.