SCHILLEMAN v SCHILLEMAN

1. Appeal and Error—Divorce—Child Custody—Findings of Fact
   —Statutes.

   All orders and judgments of the circuit court in child custody
   disputes shall be affirmed on appeal unless the trial judge made
   findings of fact against the great weight of evidence or commit-
   ted a palpable abuse of discretion or a clear legal error on a
   major issue (MCLA 722.28).

2. Divorce—Child Custody—Alternating Custody Award—Discre-
   tion—Statutes.

   A child custody award which gave the custody of the children to
   one parent for six months, and then to the other parent for six
   months, was not a palpable abuse of discretion where both
   parents presented a favorable picture, the children love and get
   along well with both parents, and the court with its power to
   change its order at any time may have decided to make the
   custody provision as it did and see what would develop (MCLA
   552.17).

3. Divorce—Property Settlement—Alimony—Discretion.

   A trial court has wide discretion in dividing the property of the
   marital estate and awarding alimony.

4. Appeal and Error—Divorce—De Novo Review—Alimony—Prop-
   erty Settlements.

   The Court of Appeals reviews divorce cases *de novo,* but it will
   not revise or modify alimony awards and property settlements
   unless convinced that it would have reached a different result
   had it occupied the position of the trial court.

References for Points in Headnotes

[1] 24 Am Jur 2d, Divorce and Separation § 791.
[2] 24 Am Jur 2d, Divorce and Separation § 799.
 "Split," "divided," or "alternate" custody of children. 92 ALR2d
   695.
[3] 24 Am Jur 2d, Divorce and Separation §§ 601, 925 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error §§ 703, 868.
[5] 24 Am Jur 2d, Divorce and Separation § 571 *et seq.*

5. DIVORCE—ATTORNEY FEES—DISCRETION.

> Allowance of attorney fees to the wife in a suit for divorce rests in the sound discretion of the trial court.

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 April 11, 1975, at Grand Rapids. (Docket No. 20519.) Decided May 29, 1975. Leave to appeal denied, 395 Mich —.

Complaint by Jean L. Schilleman against Roger D. Schilleman for divorce. Divorce granted. Plaintiff appeals from various provisions of the divorce judgment. Affirmed.

*Alexis J. Rogoski,* for plaintiff.

*Street, Stevens, Schuler, Johnson, Hipkiss, Piasecki & Knowlton,* for defendant.

Before: T. M. BURNS, P. J., and McGREGOR and D. F. WALSH, JJ.

T. M. BURNS, P. J. Plaintiff Jean Schilleman and defendant Roger D. Schilleman were granted a no-fault divorce pursuant to MCLA 552.6; MSA 25.86 by the Muskegon County Circuit Court. The judgment of divorce was entered on May 28, 1974, and plaintiff now appeals presenting several issues for our consideration.

Plaintiff's various claims of error all relate to matters which are usually left to the sound discretion of the trial court. Plaintiff first contends that the trial court erred when it awarded divided or alternate custody of the children[1] to the parties.

The standard of review for this dispute is set forth in MCLA 722.28; MSA 25.312(8):

---

[1] The parties have three children: Rhonda, born November 8, 1959; Jana, born May 15, 1962; and Susan, born January 23, 1965.

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

See also *Hilbert v Hilbert,* 57 Mich App 247, 250; 225 NW2d 697 (1974), *Baldwin v Baldwin,* 56 Mich App 489, 494; 224 NW2d 116 (1974), *Feldman v Feldman,* 55 Mich App 147, 148–149; 222 NW2d 2 (1974), *Parrott v Parrott,* 53 Mich App 635, 639; 220 NW2d 176 (1974).

Pursuant to the divorce decree, custody of the parties' three children was divided between them. Defendant was to exercise custody in the former marital home, commencing June 5, 1974, for a period of six months until December 5, 1974. Commencing on December 5, 1974, plaintiff was to exercise custody in the former marital home for a period of six months until June 5, 1975. On or after June 5, 1975, either party may file a motion to review the child custody provision of the divorce judgment.

It is clear from a careful reading of the record in this case that the trial court was faced with an extremely difficult decision. Both parents presented a favorable picture, and the record also reveals that the children love and get along well with both parents. While we do not generally favor orders which alternate the custody of the children between parents for equal periods of time, we cannot say that the trial court committed a palpable abuse of discretion in the case at bar.

The trial court had the parties and witnesses before it, had the grave responsibility of determining the best interests of the children, and being aware of its power to change its order at any

time,[2] may well have concluded to make the custody provision as it did and see what would develop. Under the facts of this case, we cannot say that the trial court erred in this respect. Furthermore, in view of the fact that plaintiff's current custody of the children terminates on June 5, 1975, at which time either party may move to have the custody provision reviewed by the trial court, we deem it desirable to maintain the status quo until the trial court again considers this problem. At that time, the trial court can determine the best interests of the children and can take into consideration all the circumstances, including the inherent evils of alternate custody.

We wish to reiterate that the question of custody here is an extremely close one, best left to the judgment of the trial court. Being a close question, the trial court's decision obviously was not against the great weight of the evidence. Therefore, we uphold the trial court's decision as to custody.

Plaintiff next claims that the property settlement devised by the trial court was inequitable. A trial court has wide discretion in dividing the property of the marital estate and awarding alimony. *Pinney v Pinney,* 47 Mich App 290; 209 NW2d 467 (1973). While this Court hears appeals in divorce cases *de novo,* we will not revise or modify alimony awards and property settlements in divorce cases unless convinced that we would have reached a different result had we occupied the position of the trial court. *Ireland v Ireland,* 56 Mich App 594; 224 NW2d 662 (1974), *Hostetler v*

---

[2] MCLA 552.17; MSA 25.97 provides that:

"The court may, from time to time afterwards, on the petition of either of the parents, revise and alter such decree concerning the care, *custody* and maintenance of the children, or any of them, and make a new decree concerning the same, as the circumstances of the parents, and the benefit of the children, shall require." (Emphasis added.)

*Hostetler,* 46 Mich App 724; 208 NW2d 596 (1973). We follow these rules because in a divorce action, an award of property to each party depends upon a number of equitable factors, including the source of the property, each party's contribution toward acquisition of the property, length of the marriage, needs of the parties, their earning ability and the needs of the children involved. *Irish v Irish,* 59 Mich App 635; 229 NW2d 874 (1975), *Hostetler, supra.* Since trial courts are in a much better position to determine the relative weight to be accorded each of these factors, we give great weight to their analysis. After carefully reviewing both the trial court's opinion and the evidence in the case at bar, we conclude that the denial of alimony and the property settlement set forth in the divorce judgment were fair and equitable under the facts of this case.

Plaintiff next predicates error on the fact that the trial court did not award her attorney fees. Allowance of attorney fees to the wife in a suit for divorce rests in the sound discretion of the trial court. *Pinney, supra, Clemens v Clemens,* 39 Mich App 626; 197 NW2d 844 (1972), *Van Ommen v Van Ommen,* 25 Mich App 652; 181 NW2d 634 (1970). A *de novo* review of the record in the instant case does not show any abuse of discretion by the trial court in this regard.

Finally, we have carefully considered plaintiff's remaining allegations of error and have found them lacking in substance. Decisional discussion is, therefore, unnecessary.

Affirmed.