GIBBONS v GIBBONS

Docket No. 49851. Submitted January 14, 1981, at Detroit.—Decided
April 10, 1981.

Joan D. Gibbons sued Thomas R. Gibbons, Sr., for divorce. Defen-
dant filed a cross-complaint. Wayne Circuit Court, John H.
Hauser, J., granted judgment for plaintiff. Defendant appeals,
alleging that the trial court erred in including his noncontribu-
tory retirement benefits as a marital asset and in awarding
plaintiff a share of those benefits. *Held:*

1. The trial court properly held that defendant's retirement
benefits were a marital asset and determined their reasonably
ascertainable present value by taking judicial notice of statu-
tory mortality tables.

2. The trial court did not abuse its discretion in including
that portion of defendant's benefits which accrued prior to his
marriage to plaintiff and after her filing of a complaint for
divorce in its determination of marital assets which formed the
basis for its award to plaintiff.

Affirmed.

1. DIVORCE — MARITAL ASSETS — NONCONTRIBUTORY PENSION PLANS.

Noncontributory pension plans are distributable in a divorce
settlement where they are found to be a marital asset, but only
if they have a reasonably ascertainable present value.

2. DIVORCE — MORTALITY TABLE — JUDICIAL NOTICE — STATUTES.

A trial judge may take judicial notice of statutory mortality
tables in determining the life expectancy of a party in a divorce
action (MCL 500.834; MSA 24.1834).

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 632.
60 Am Jur 2d, Pensions and Retirement Funds § 73.
Pension or retirement benefits as subject to award or division by
court in settlement of property rights between spouses. 94 ALR3d
176.

[2] 29 Am Jur 2d, Evidence §§ 113, 115.

[3] 24 Am Jur 2d, Divorce and Separation §§ 926, 933.

3. DIVORCE — COURTS — APPEAL — ABUSE OF DISCRETION.
   A trial court has vast discretion in determining the division of
   property in a divorce action, and such determination will not
   be disturbed on appeal absent an abuse of discretion.

*Paul C. Perovich,* for plaintiff.

*Larry K. Bowerman,* for defendant.

Before: V. J. BRENNAN, P.J., and BRONSON and BASHARA, JJ.

PER CURIAM. Plaintiff sued for divorce on November 14, 1978. Defendant answered and filed a cross-complaint for divorce. Following a trial in the Wayne County Circuit Court, a judgment of divorce was granted on plaintiff's complaint. Defendant appeals as of right from that portion of the trial court's order including his noncontributory retirement benefits as a marital asset and awarding plaintiff $31,641.44 as the present value of her share in these benefits.

The parties were married on July 22, 1950. Defendant was employed throughout the marriage by the Detroit Edison Company. He began his job on August 25, 1947.

B. John Fuller, Secretary of the Retirement Board of the Detroit Edison Company, testified that defendant had a vested right to a noncontributory retirement pension. He stated that how benefits would be paid out depended on defendant's election. If defendant retired as of January 7, 1980, the date of trial, he would receive monthly benefits of $439.66 until his death.

Mr. Fuller was asked on cross-examination if he could reasonably assess the present value of defendant's retirement benefits. He answered that he

could not because he had no idea how long defendant would live.

During his closing argument, plaintiff's counsel proposed that the present value of the pension could be determined by presuming defendant's retirement as of January 7, 1980, at his present age of 53 years, based upon a life expectancy of 21.25 years. Under this calculation, the value of the pension was claimed to be $112,000. Further, plaintiff's attorney argued that his client's share of the benefits should be $56,000. This sum would be reduced to a present value of $31,641.44, which sum would purchase an annuity resulting in payments to plaintiff of $219.83 per month over a period of 21.25 years. The $219.83 figure represented one-half of the monthly payment defendant would be entitled to if he retired on the date of trial. The trial court accepted plaintiff's argument and calculations and awarded plaintiff $31,641.44 as her share of defendant's retirement benefits. This amount was deducted from defendant's share of the equity in the marital home. Plaintiff was awarded the marital home, and defendant was left with an $8,820.06 lien on that home.

Defendant first claims on appeal that the trial court erred in including defendant's pension in the distribution of the marital assets because it was not subject to a reasonably certain present value. This Court has held that noncontributory pension plans are distributable as marital property, but only if they have a reasonably ascertainable present value. *Miller v Miller,* 83 Mich App 672, 675; 269 NW2d 264 (1978), *Tigner v Tigner,* 90 Mich App 787, 790-791; 282 NW2d 481 (1979).[1]

---

[1] *Miller, supra,* also states that the pension plan must be found to be a marital asset. In this case, the trial court so held, and we agree with this finding.

Defendant, relying on Fuller's testimony that he could not state what the present value of the retirement benefits would be, argues that this is proof that the value was not readily ascertainable. We do not regard this as dispositive since Fuller's response to the question was based solely on his lack of knowledge concerning how long defendant would live. If ignorance of an individual's actual lifespan was considered a contingency which rendered it impossible to readily ascertain the present value of pension benefits, such benefits could never be a distributable asset to the extent that they turned on the uncertainty of a person's continuing existence. The possibility that one might die prior to completing his expected lifespan is not the type of contingency we envisioned in *Miller, supra,* 677, which would defeat the inclusion of pension benefits as a marital asset.

Defendant points out that no evidence of his life expectancy was produced during the taking of proofs. While this is true, it is not fatal to plaintiff's case. The trial judge derived the 21.25 years of continued life expectancy from mortality tables appearing in MCL 500.834; MSA 24.1834. A trial judge may take judicial notice of these statutory mortality tables. *Alley v Klotz,* 320 Mich 521, 539; 31 NW2d 816 (1948). We also note that defense counsel did not object to the use of the tables.

Defendant also contends that if his retirement benefits constituted a marital asset, the trial court erred in including that portion of the asset which was acquired before the marriage and that portion which accrued after the complaint for divorce was filed in the distribution. We begin our analysis of this claim by noting that the lower courts have vast discretion in the division of property in a divorce action. *Crooks v Crooks,* 345 Mich 713, 719;

76 NW2d 843 (1956), *Zamfir v Zamfir,* 92 Mich App 170, 173; 284 NW2d 517 (1979). Absent an abuse of discretion, we will not interfere with the circuit court's disposition of the property.

Defendant worked for Detroit Edison three years before his marriage and 30 years during his marriage to plaintiff as of the trial date in this matter. Of these 30 years, some 14 months followed plaintiff's filing of the complaint for divorce. Defendant's pension plan did not become fully vested until seven years after his marriage to plaintiff. Considering the length of the marriage, we find no abuse of discretion in the trial court's decision to include the entirety of the pension plan as a marital asset. Compare, *Chisnell v Chisnell,* 82 Mich App 699; 267 NW2d 155 (1978), *lv den* 403 Mich 844 (1978), *cert den* 442 US 940; 99 S Ct 2881; 61 L Ed 2d 310 (1979), *reh den* 444 US 887; 100 S Ct 187; 62 L Ed 2d 121 (1979).

Affirmed.