ARNHOLT v ARNHOLT

Docket No. 66441. Submitted July 20, 1983, at Lansing.—Decided
    October 24, 1983.

> Plaintiff, William G. Arnholt, brought an action for divorce
> against defendant, Carole A. Arnholt, in the Saginaw Circuit
> Court. Defendant counterclaimed for divorce. A divorce was
> granted on plaintiff's complaint, Hazen R. Armstrong, J. At the
> time the original complaint was filed, plaintiff was 54 years old
> and had worked approximately 30 years for General Motors
> Corporation. During the course of the marriage, plaintiff was
> promoted from production manager to plant supervisor to his
> present position as director of reliability. Defendant was 46
> years old and, although she had worked as an executive secre-
> tary for 15 years prior to the marriage, has not worked since
> that time. The parties were married for 15 years and had two
> minor children at the time of the trial. The marital assets
> included plaintiff's vested pensions, the marital home and a
> GMC stock program. The court found that one-third of the
> stock program was acquired by plaintiff prior to the marriage.
> It ordered that plaintiff receive 40% of the remaining two-

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation §§ 369, 523, 927.
    Fault as consideration in alimony, spousal support, or property
    division awards pursuant to no-fault divorce. 86 ALR3d 1116.
[2] 5 Am Jur 2d, Appeal and Error § 868.
[3] 24 Am Jur 2d, Divorce and Separation §§ 625, 657.
[4] 24 Am Jur 2d, Divorce and Separation § 905.
    Pension or retirement benefits as subject to award or division by
    court in settlement of property rights between spouses. 94 ALR3d
    176.
[5] 24 Am Jur 2d, Divorce and Separation §§ 905, 906.
[6] 24 Am Jur 2d, Divorce and Separation § 915 et seq.
[7] 46 Am Jur 2d, Judges § 220.
    76 Am Jur 2d, Trial § 1238.
[8] 24 Am Jur 2d, Divorce and Separation §§ 589, 591.
[9] 24 Am Jur 2d, Divorce and Separation §§ 679, 680, 727-729, 743.
    Retrospective modification of, or refusal to enforce, decree for
    alimony, separate maintenance, or support. 6 ALR2d 1277.

thirds and defendant, 60%. It ordered the marital home sold and 40% of the net proceeds to plaintiff and 60% to defendant. Finally, the court ordered that plaintiff pay defendant $1,000 a month permanent alimony, which amount was to be reduced to $750 a month upon plaintiff's retirement. The alimony payments were to continue even in the event of defendant's remarriage but would terminate upon the death of either party. Plaintiff appealed and defendant cross-appealed. *Held:*

1. The court properly considered plaintiff's relative fault in causing the breakdown of the marriage in determining its alimony and property awards.

2. The decision to grant alimony and the amount awarded rests within the sound discretion of the trial judge. The court, in making an alimony award, must review many relevant factors including the age, health and station of the parties, length of the marriage, and the ability of the respective parties to work and pay alimony. The decision to continue alimony payments in the event of defendant's remarriage is supported by the record. In reality, the award was a distribution of the pension.

3. The conclusion that one-third of the stock program was acquired by plaintiff prior to the marriage is not supported by evidence on the record. The lower court was instructed on remand to modify the property settlement to bring the entire stock program within the settlement.

4. The court's order regarding disposition of the marital home was proper.

5. It is presumed that a trial court is fair and impartial and a litigant who would challenge this presumption has a heavy burden. Plaintiff did not meet this burden.

6. Attorney fees in an action for divorce or separation are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation. A determination of the amount of the award is in the sound discretion of the trial court. The court did not abuse its discretion in awarding $10,000 in attorney fees.

Affirmed in part, reversed in part, and remanded with instructions.

BEASLEY, P.J., concurred separately to point out that, as a general rule, alimony should terminate upon remarriage. He believed that only special circumstances should justify a different result.

Opinion of the Court

1. Divorce — Fault — Alimony — Property Division.

Relative fault of the parties for the breakdown of the marriage may be considered as a factor when determining property division and alimony awards.

2. Divorce — Appeal — De Novo Review.

The Court of Appeals reviews a divorce case de novo but it does not substitute its judgment for that of the trial court unless it is convinced that it would have reached a different conclusion had it occupied the position of the trial judge.

3. Divorce — Alimony.

The decision to grant alimony and the amount awarded rests within the sound discretion of the trial judge; the court, in making an alimony award, must review many relevant factors including the age, health and station of the parties, length of the marriage, and the ability of the respective parties to work and pay alimony.

4. Divorce — Pensions.

Pension plans which have a readily ascertainable present value may be considered and distributed as a marital asset; the method of distribution rests in the sound discretion of the trial court.

5. Divorce — Pensions — Alimony.

A trial court in a divorce action may provide for the division of a vested pension of a party by an order of continuing alimony.

6. Divorce — Property Settlements.

The equitable distribution of property in a divorce judgment is affected by the source of the property, contribution toward acquisition of the property, the length of the marriage, the needs of the parties and children, and the earning abilities of the parties.

7. Judges — Bias.

It is presumed that a trial court is fair and impartial and a litigant who would challenge this presumption has a heavy burden.

8. Divorce — Attorney Fees — Court Rules.

Attorney fees in an action for divorce or separation are not awarded as a matter of right but only if necessary to enable a party to carry on or defend the litigation; a determination of the amount of the award is in the sound discretion of the trial court (GCR 1963, 726.1[3]).

OPINION OF THE COURT
CONCURRENCE BY BEASLEY, P.J.

9. DIVORCE — ALIMONY.
  *As a general rule, alimony should terminate upon remarriage; only special circumstances should justify a different result.*

*John A. Picard,* for plaintiff.

*Otto & Otto* (by *Bruce E. Otto),* for defendant.

Before: BEASLEY, P.J., and ALLEN and G. R. DE-NEWETH,* JJ.

ALLEN, J. Plaintiff filed for divorce in June, 1979. Defendant answered and filed a counterclaim for divorce, seeking alimony and attorney fees. Following a trial in Saginaw County Circuit Court, a judgment of divorce was entered on August 9, 1982, on plaintiff's complaint. Plaintiff appeals as of right the propriety of the property settlement, alimony awards, and attorney fees. Defendant filed a cross appeal challenging the property division and alimony awards.

The parties were married March 4, 1967. At the time the original complaint was filed, plaintiff was 54 years old and had worked approximately 30 years for General Motors Corporation. During the course of the marriage, plaintiff was promoted from production manager to plant supervisor to his present position as director of reliability. Defendant was 46 years old and, although she had worked as an executive secretary for 15 years prior to the marriage, has not worked since that time. The parties were married for 15 years and had two minor children at the time of the trial. Neither party challenges the custody or support arrangements contained in the divorce decree.

Initially, we reject plaintiff's argument that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

there was insufficient evidence to support the trial judge's finding that plaintiff's conduct caused the breakdown of the marriage. While fault of the parties is not considered in the decision to grant a divorce, MCL 552.6; MSA 25.86, it may be considered as a factor in the property and alimony awards. *Kretzschmar v Kretzschmar,* 48 Mich App 279; 210 NW2d 352 (1973). The evidence and testimony of the parties support that finding, and this Court will not substitute its judgment for that of the trial judge unless convinced it would have reached a different result had it occupied the lower court's position. *Ireland v Ireland,* 56 Mich App 594; 224 NW2d 662 (1974).

The judgment of divorce provided that plaintiff pay defendant $1,000 a month permanent alimony, which amount was to be reduced to $750 a month upon plaintiff's retirement. The alimony payments were to continue even in the event of defendant's remarriage but would terminate upon the death of either party. On appeal, both the amount of alimony awarded and the duration of the award is contested. Plaintiff claims that the amounts awarded are excessive and should terminate upon defendant's remarriage or a change in circumstances. Conversely, defendant claims that the sums awarded are too low and should not be decreased on plaintiff's retirement.

The decision to grant alimony and the amount awarded rests within the sound discretion of the trial judge. *York v York,* 113 Mich App 306; 317 NW2d 604 (1982). The court's authority to award alimony is statutory, MCL 552.23; MSA 25.103, and the amount awarded is based upon a review of many relevant factors including the age, health and station of life of the parties, the length of the marriage, and the ability of the respective parties

to work and to pay alimony. See *McLain v Mc-Lain,* 108 Mich App 166; 310 NW2d 316 (1981). Although this Court hears a divorce case *de novo,* it will not substitute its judgment for that of the trial judge unless convinced that, had it occupied the position of the lower court, it would have reached a different result. In this case, the amount awarded is not insignificant and is within the ability of plaintiff to pay. A review of the record shows that the trial judge considered the relevant alimony factors and reached a reasonable and just conclusion as to the amount awarded.

The decision to continue the alimony payments in the event of defendant's remarriage is also supported by the record. The parties stipulated at trial that the plaintiff's pension could be considered as an asset payable in the future. Pension plans which have a readily ascertainable present value may be considered and distributed as a marital asset. *Gibbons v Gibbons,* 105 Mich App 400; 306 NW2d 528 (1981); *Boyd v Boyd,* 116 Mich App 774; 323 NW2d 553 (1982). The value of plaintiff's contributory and noncontributory vested pension plan exceeded $310,000. As a marital asset, both parties have the right to share in its benefits. The method of distribution rests within the sound discretion of the trial judge. As noted in *Boyd, supra,* it is not necessary that the benefits be reduced to their present cash value for immediate distribution. Here, the distribution was to be deferred until receipt of the pension by plaintiff. On plaintiff's retirement, defendant is to receive her portion of the vested marital asset, *i.e.,* $750 per month. Although labeled as alimony, the payment is in actuality a delayed distribution of a marital asset. This method of distribution was noted in *Boyd* as a potential method of resolving the prob-

lems and potential inequities inherent in the division of a vested pension plan. The trial judge is in a better position to assess and evaluate the attitudes of the parties with an eye to devising a satisfactory distribution plan. Inasmuch as the alimony payable on plaintiff's retirement represents a delayed distribution of a marital asset, the trial judge properly ordered the payments to continue even in the event that defendant remarries.

The parties also contest the division of the marital property. There is no requirement that the property settlement be mathematically equal; rather, based on the circumstances of the parties, it must be fair. *Smith v Smith,* 113 Mich App 148; 317 NW2d 324 (1982). Factors to be considered in dividing marital property include the source of the property, contributions of the parties, length of the marriage, needs of the parties and children, and the earning ability of the parties. *McCallister v McCallister,* 101 Mich App 543; 300 NW2d 629 (1980); *Hostetler v Hostetler,* 46 Mich App 724; 208 NW2d 596 (1973). The major assets possessed by the parties are the marital home and a GMC stock program. The trial court found that one-third of the entire stock program was acquired by plaintiff prior to the marriage. The evidence and record below do not support that finding, and we remand to the trial court to modify the property settlement so as to bring the entire program within the settlement. On remand defendant shall receive 60% of the value of the GMC stock, the diversified government securities, and the fixed income program. Plaintiff shall receive 40% of the program in accordance with the percentages established by the trial judge. The 60/40 division shall take into account any increase or decrease in the stock value which has occurred since the date of

the judgment. In this manner, each party shall bear the benefit or risk of the fluctuating stock market in proportion to their respective shares.

The divorce judgment provided that the marital home be sold and, after the home improvement loan and mortgage were paid, the proceeds distributed with 60% of the equity to defendant and 40% to plaintiff. Plaintiff was also to be reimbursed for house payments made from the date of the opinion to the date of sale. Defendant seeks to modify that portion of the judgment calling for the sale of the home and reimbursement to plaintiff. Defendant's reliance on *Vaclav v Vaclav,* 96 Mich App 584; 293 NW2d 613 (1980), is misplaced. The combination of equitable factors present in *Vaclav* is lacking in the present case. In accordance with the lower court judgment, the parties are directed to list the marital home and take steps toward the immediate sale of the home. Plaintiff is to be reimbursed for the tax, insurance, and other house-related payments incurred from the date of the lower court opinion. We are not persuaded that, had we occupied the position of the trial judge, we would have reached a different disposition of the marital residence. We therefore affirm the property division reached by the lower court. *Bolt v Bolt,* 113 Mich App 298; 317 NW2d 601 (1982).

We reject plaintiff's remaining two allegations of error. There is no indication that the trial judge was biased or prejudiced against plaintiff by virtue of his recognition of plaintiff's places of residence and employment. A party seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *S C Gray, Inc v Ford Motor Co,* 92 Mich App 789; 286 NW2d 34 (1979). The mere fact that plaintiff was dissatisfied with the

final judgment does not rise to the level of actual proof of prejudice which warrants disqualification. *Irish v Irish,* 59 Mich App 635; 229 NW2d 874 (1975).

It has long been the rule that attorney fees are not awarded as a matter of right, but only if necessary to enable a party to carry on or defend the litigation. *Mixon v Mixon,* 51 Mich App 696; 216 NW2d 625 (1974); GCR 1963, 726.1(2). After determining that a party requires attorney fees to carry on the litigation, the trial judge has the discretionary authority to award that amount which is "necessary and reasonable". GCR 1963, 726.1(3). The proceedings in this case extended over a three-year period and involved six trial days. Considering the difficulty and complexity of the case, the needs of defendant and plaintiff's ability to pay, the award of $10,000 attorney fees cannot be said to be an abuse of discretion. *Ross v Ross,* 24 Mich App 19; 179 NW2d 703 (1970).

With the modification of the property settlement set forth above, the decision of the lower court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion. No costs, neither party having prevailed in full. We do not retain jurisdiction.

G. R. DENEWETH, J., concurred.

BEASLEY, P.J. *(concurring).* I concur in the result reached in Judge ALLEN's carefully drawn opinion under the facts of this case, but write to indicate that, in general, I do not approve of continuing alimony after a remarriage. The general rule is and should be that permanent alimony terminates on the remarriage of the recipient of the alimony. Only special circumstances such as exist in this case justify a different result.