TROMBLEY *v.* TROMBLEY.

1. APPEAL AND ERROR—DE NOVO REVIEW—DIVORCE.
    The Supreme Court reviews a suit for divorce *de novo* since it is a chancery case.

2. DIVORCE—EXTREME CRUELTY—EVIDENCE—HUSBAND AS GREATER OFFENDER.
    In husband's suit for divorce wherein wife filed a cross bill, both bills being based on extreme cruelty, where evidence shows husband was by far the greater offender, that his conduct caused most of their marital discord and provoked wife's alleged misconduct and she herself was not guilty of the more serious charges of misconduct which she made against him, she was entitled to divorce on her cross bill although not without fault (3 Comp. Laws 1929, § 12732).

3. SAME—DIVISION OF PROPERTY ACCUMULATED DURING MARRIAGE.
    A wife, entitled to decree of divorce because of husband's extreme cruelty, is entitled to a reasonable share of the considerable property accumulated by the parties during their marriage through their mutual efforts.

4. SAME—CONTINUANCE OF ALIMONY—DETERMINATION OF PROPERTY RIGHTS.
    Wife was entitled to continuance of alimony allowance of $15 a week until determination of property rights where it was agreed that divorce issue should be determined first, divorce on both bill and cross bill was denied by trial court but granted wife by Supreme Court and cause remanded for determination of property rights.

5. SAME — ALIMONY — HEALTH — EARNING CAPACITY — DIVISION OF PROPERTY—REMAND.
    Whether or not a wife to whom Supreme Court awards divorce is entitled to an allowance for support and maintenance depends upon showing made as to her health and earning ca-

pacity and upon the amount of property awarded her upon remand for determination of property rights, it being permissible to take further testimony on such remand.

Appeal from Bay; Smith (Carl H.), and Arch (Charles O.), JJ., presiding. Submitted October 4, 1945. (Docket No. 42, Calendar No. 43,143.) Decided December 3, 1945.

Bill by Charles T. Trombley against Edith B. Trombley for divorce on grounds of extreme cruelty. Cross bill by defendant against plaintiff for divorce on ground of extreme cruelty. Decree dismissing both bill and cross ·bill. Petition for rehearing denied and temporary alimony and attorneys fees and expenses ordered. Defendant appeals. Plaintiff cross-appeals from temporary order. Reversed, and decree entered granting defendant an absolute divorce and remanding for determination of property rights and support.

*B. J. Henderson,* for plaintiff.

*Arthur J. Kinnane,* for defendant.

S<small>TARR</small>, C. J.   In March, 1944, plaintiff filed bill of complaint for an absolute divorce on the grounds of extreme and repeated cruelty. Defendant answered, denying the charges against her and by cross bill sought divorce on like grounds. The trial judge determined that neither party was entitled to a divorce and entered a decree dismissing both the bill and cross bill. Defendant appeals from this decree and also from a subsequent order granting her certain alimony, expenses, and attorney fees, but denying her petition for a rehearing. Plaintiff cross-appeals

only from that part of the order which granted defendant alimony, expenses, and attorney fees. This being a chancery case, we review *de novo*.

As plaintiff does not cross-appeal from the decree dismissing his bill of complaint, the principal question before us is whether or not defendant is entitled to a divorce on her cross bill. The parties were married in 1927, and at the time of trial plaintiff was 52 and defendant 44 years of age. No children were born of the marriage. However, plaintiff had adopted defendant's daughter by a prior marriage, and she lived with them until she married in 1941.

Soon after their marriage, plaintiff started a drycleaning business, and through the mutual work and effort of the parties this business has reasonably prospered. They now own the place of business, their home, an automobile, and other personal property. From the record it appears that they lived a wrangling, quarrelsome married life, with only occasional periods of marital harmony. Two prior divorce actions had been dismissed after reconciliations.

Plaintiff charged that defendant refused to prepare his meals; that she falsely accused him of undue familiarity with his female employees; that she improperly took money from the cash register at their dry-cleaning establishment; that she interfered with his business; and that she had an ungovernable temper and used profane language. Although the testimony is conflicting, the record reasonably establishes that plaintiff had repeatedly struck, beaten, and otherwise physically abused defendant; that he was in the habit of swearing at her and calling her vile names; that he was generally mean, quarrelsome, and abusive; that on one or more occasions he burned the clothes of defendant and

their daughter; that he ordered the daughter out of the home; and that he conducted himself improperly with his female employees and other women. Much of defendant's testimony relative to plaintiff's conduct was substantiated by that of her daughter and plaintiff's employees in the dry-cleaning establishment.

It would serve no useful purpose to discuss the evidence relative to the charges and countercharges of misconduct and cruelty. Although defendant was not without fault, the record is convincing that much of her alleged misconduct was occasioned and provoked by plaintiff's quarrelsome attitude and abusive treatment and by his improper familiarity with other women. It is apparent that he was by far the greater offender, and his continued abuse and improper conduct caused most of their marital discord. 3 Comp. Laws 1929, § 12732 (Stat. Ann. § 25.90), provides that "no divorce shall be decreed in any case where the party complaining shall be guilty of the same crime or misconduct charged against the respondent." In the present case defendant herself was not guilty of the more serious charges of misconduct which she made against plaintiff.

While recognizing the advantage of the trial judge, who saw and heard the parties and their witnesses, we are convinced that had we been sitting as the trial court, we should have reached a different conclusion. We have carefully reviewed the record and are satisfied that defendant is entitled to a divorce on her cross bill.

During the trial it was agreed that the divorce issue should be determined first and that the matter of property rights should be reserved for adjudication after the taking of further testimony. Through their mutual efforts the parties have accumulated considerable property, and defendant is entitled to

a reasonable share thereof.   The alimony allowance of $15 a week should be continued until the property rights of the parties are determined.   Whether or not defendant shall be entitled to an allowance for support and maintenance will depend upon the later showing as to the condition of her health, her earning capacity, and the amount of property awarded her.

The decree dismissing defendant's cross bill is reversed, and a decree may be entered in this court granting her an absolute divorce.   The decree shall also provide for remanding the case to the trial court for determination of property rights and of defendant's right to support and maintenance and for enforcement of said decree.   It shall also provide for payment of attorney fees and expenses as provided in our order of September 5, 1945.   Further testimony may be taken if deemed necessary by the trial court.   Defendant may recover costs of this court insofar as said costs exceed the expenses and the attorney fee of $150 as provided in our order of September 5, 1945.   Other questions presented do not require determination.

NORTH, CARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.