GROVER v. GROVER

1. DIVORCE—DIVISION OF PROPERTY.
   The division of property in a divorce action need not be equal but should be fair and equitable under all the circumstances.

2. DIVORCE—DIVISION OF PROPERTY.
   A property award in a divorce proceeding giving the plaintiff-wife the family home, three acres of land out of forty acres owned, over one-half of the parties' cash, all of the household furnishings, and $108 per month alimony, based on the amount of defendant-husband's pension, was fair and equitable.

Appeal from Midland, James R. Rood, J. Submitted Division 3 June 4, 1970, at Grand Rapids. (Docket No. 8,314.) Decided October 5, 1970.

Complaint by Dora A. Grover against Valdo G. Grover for divorce. Judgment for plaintiff. Plaintiff appeals the property distribution provisions of the judgment. Affirmed.

*Francis, Wetmore & Groom,* for plaintiff.

*Edward G. Durance,* for defendant.

Before: T. M. BURNS, P. J., and FITZGERALD and BYRNS,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation § 925 *et seq.*
[2] Pension of husband as resource which court may consider in determining amount of alimony. 22 ALR2d 1421.

PER CURIAM. The parties to this cause, after 33 years of marriage, were divorced on October 8, 1969. The wife, who was the plaintiff below, appeals the trial court's division of property.

Prior to the divorce, the parties owned the following property:

| | |
|---|---:|
| Savings account | $ 8,380 |
| Checking account | 2,400 |
| Home and forty acres of land | 17,300 |
| Automobile | 2,000 |
| Furniture | 1,000 |
| Total | $ 31,080 |

In addition to the above property, defendant had an interest in a pension and profit sharing plan through his place of employment, worth $18,078.

The trial court awarded the plaintiff the home and three acres of land, the household furnishings, and $5,577 in cash. The alimony was set by the judge at $42.50 per week. The question of alimony was reserved for reconsideration when the defendant retired and since defendant's retirement has been set at $108 per month.

Plaintiff contends that she should have been awarded, in addition to what she has already received, all forty acres of land. She also seeks to have a lien placed upon defendant's pension and profit sharing fund to insure that her alimony payments are continued should the defendant die leaving the remainder to someone other than the plaintiff.

Plaintiff received, excluding the pension and profit sharing plan, $17,897 out of the $31,080 total.[1] She is also receiving $108 per month out of the defend-

---

[1] Plaintiff, on motion for a new trial, informed the court that the home and three acres was valued at $11,320 and the remaining thirty-seven acres at $5,980. Using these figures to compute each party's share would mean that, excluding the pension fund, plaintiff received $17,897 out of the $31,080 total.

ant's proceeds from the pension and profit sharing plan. If this court adopted the plaintiff's position, she would receive $23,877 out of the $31,080 total plus a lien upon the defendant's pension insuring her $108 out of the proceeds from that. This would result in a manifest injustice to the defendant. A division of property need not be equal, but should be fair and equitable under all circumstances. *Dral v. Dral* (1967), 8 Mich App 663. In the case at bar, the plaintiff got the home and three acres of land, a little over one-half of the cash, and all of the household furnishings. She is also receiving, as alimony, out of defendant's pension, $108 per month. The arrangement seems to be equitable and fair, especially since the resources from which to provide for two people during their declining years are very limited. We find nothing in the record to support a claim of an abuse of discretion which would require a reversal or modification of the judgment below.

Affirmed.