### BYWATER v BYWATER

Docket No. 66843. Submitted June 14, 1983, at Lansing.—Decided
August 31, 1983.

Claude Bywater brought an action for divorce against Margaret
Bywater. Shortly after filing the action, plaintiff received an
award of damages for pain and suffering as settlement of a
personal injury suit. Defendant sought a declaratory ruling
that the proceeds of that settlement were marital property
subject to distribution by the court in the divorce proceedings.
The Ingham Circuit Court, Ray C. Hotchkiss, J., ruled that, as
a matter of law, to the extent the award represented compensa-
tion for pain and suffering it was not a marital asset subject to
the court's equitable jurisdiction. Defendant appeals. *Held:*

The assets of both parties, as well as jointly owned marital
property, are available for distribution in order to make a fair
and equitable division of property. The personal nature of the
injury award does not affect its divisibility in a divorce proceed-
ing. The trial court erred in holding that as a matter of law the
award was not a marital asset subject to the court's equitable
jurisdiction.

Reversed and remanded.

1. Divorce — Marital Assets — Division of Property.

A trial court in a divorce action may award to one spouse any
part of the real or personal estate of either party if the estate
and effects otherwise awarded are insufficient to suitably sup-
port and maintain that spouse and any of the couple's children
entrusted to his or her care; the appropriate award is that
which is deemed just and reasonable by the court, taking into
consideration the abilities, character and situation of the par-
ties as well as any other relevant circumstances (MCL 552.23;
MSA 25.103).

References for Points in Headnotes
[1] 24 Am Jur 2d, Divorce and Separation § 865.
[2] 24 Am Jur 2d, Divorce and Separation § 913.
[3] 24 Am Jur 2d, Divorce and Separation § 870.

2. DIVORCE — MARITAL ASSETS — RIGHT OF ACTION — PERSONAL INJURY AWARD.

> A right of action, or an award of damages for pain and suffering in a personal injury action, is property distributable by a court as a marital asset in a divorce proceeding.

3. DIVORCE — MARITAL ASSETS — DIVISION OF PROPERTY.

> Factors to be considered by a trial court in reaching an equitable division of marital property in a divorce proceeding include the source or ownership of the assets, the length of the marriage, the age and health of the parties, their station in life, their earning abilities, and other necessities and circumstances.

*Smith, Johnson & Demlow, Attorneys, P.C.* (by *Donald A. Brandt),* for plaintiff.

*Anderson, Hay & Wonch, P.C.* (by *Timothy A. O'Rourke),* for defendant.

Before: M. J. KELLY, P.J., and SHEPHERD and R. I. COOPER,* JJ.

SHEPHERD, J. Defendant brings this interlocutory appeal from the trial court's declaratory order ruling that proceeds of a settlement agreement in a personal injury action did not constitute a marital asset subject to equitable distribution in divorce proceedings. Such proceeds were entirely for plaintiff's pain and suffering. We hold that a personal injury award for one spouse's pain and suffering is a marital asset subject to the equitable jurisdiction of the trial court and reverse the trial court's order to the contrary.

On July 31, 1977, plaintiff and defendant were injured in an automobile accident. Plaintiff alone filed suit against the driver of the other automobile involved. On July 18, 1980, plaintiff filed for divorce.

On August 16, 1980, apparently pursuant to

* Circuit judge, sitting on the Court of Appeals by assignment.

negotiations conducted in large part prior to his initiation of divorce proceedings, plaintiff husband signed a settlement agreement from which he received net proceeds of $51,711.11.

Defendant wife sought a declaratory ruling from the trial court that the settlement award was a marital asset subject to equitable distribution by the court. On August 30, 1982, the court ruled that, as a matter of law, "to the extent that such award represents compensation for pain and suffering, [it] is not a marital asset subject to the Court's equitable jurisdiction".

Plaintiff husband is correct in his assertion that the settlement award was not joint marital property but was his alone. He was the sole plaintiff in the suit arising out of the automobile accident and it is agreed by the parties that the proceeds of the settlement agreement, since they represented compensation for pain and suffering, were plaintiff's personal property. For purposes of distributing assets in a divorce proceeding, however, the analysis does not end here. Michigan statutory law provides that the court may award to a divorcing spouse any "part of the real and personal estate of either party" if the "estate and effects" otherwise awarded are insufficient to suitably support and maintain that party and any of the couple's children entrusted to his or her care. The appropriate award is that which is deemed just and reasonable by the trial court, taking into consideration the abilities, character and situation of the parties as well as any other relevant circumstances. MCL 552.23; MSA 25.103. This concept has as its goal the fair and equitable distribution of property depending on the needs and resources of each party. The assets of both parties, as well as jointly owned marital property, are available for distribu-

tion by the trial court in order to serve this purpose. In this limited sense, all assets owned by either party may be termed "marital property", although some are held jointly and some individually.

This Court has held that a "right of action" is a property right distributable by the court as a marital asset in a divorce proceeding. *Heilman v Heilman,* 95 Mich App 728; 291 NW2d 183 (1980), *lv den* 409 Mich 893 (1980). Plaintiff attempts to distinguish *Heilman,* however, by arguing that an award for pain and suffering is of such a uniquely personal nature that it can belong only to the spouse receiving it. While we do not dispute the personal nature of the award, we do not believe that *Heilman* can be so distinguished. See *Postill v Postill,* 116 Mich App 578, 580; 323 NW2d 491 (1982), where this Court found that it was erroneous for a trial court to hold that "as a 'matter of law, the [defendant-husband's personal] cause of action in tort was not a marital asset' ". As the *Postill* Court pointed out, the trial court's authority to reach a party's right of action arises from the fact that such a right may be characterized as property. Characterization of the right of action as personal does not affect its divisibility in divorce proceedings because the trial court retains jurisdiction to distribute both jointly held and individually held property pursuant to MCL 552.23; MSA 25.103.

It is not improper for the trial court to consider the actual source or ownership of an asset. This is but one factor to be considered, however, in reaching an equitable division in divorce proceedings. Other considerations are the length of the marriage, the age of the parties and their health, their station in life, earning ability, and other necessi-

ties and circumstances. *Charlton v Charlton,* 397 Mich 84, 95, fn 5; 243 NW2d 261 (1976), and cases cited therein. While the fact that a particular asset belongs solely to one spouse may provide the trial court with a persuasive reason to award that property to its owner, nevertheless, if the marital estate is otherwise insufficient to maintain the nonowning party the court may award all or part of the asset to that spouse. *Charlton, supra,* p 94. The trial court, however, must exercise its discretion in arriving at an equitable distribution, taking into consideration the needs and assets of both parties.

The trial court here, by ruling that plaintiff's settlement award was not subject to division as a matter of law, impermissibly restricted its power to equitably distribute assets. While plaintiff's pain and suffering award was undeniably his personal property, it was subject to the trial court's jurisdiction for purposes of the divorce proceeding. It was the trial court's function to weigh the factors relevant to the parties' needs and circumstances and determine whether any portion of the settlement proceeds should be distributed to defendant. If defendant were entitled to receipt of any portion of the settlement award, the character of its distribution would be a matter for the trial court's discretion. Distribution could be in the form of an outright award of property or as alimony, either in payments or in gross. MCL 552.23; MSA 25.103. Should the latter course of action be selected, plaintiff would retain sole ownership of the settlement award but would pay alimony to defendant commensurate with his ability, taking into account the discrepancy in assets owned by the parties and the relative incomes of the parties in light of such discrepancy.

Were we to hold otherwise, we can conceive of a case where a spouse who recovers a substantial amount in a personal injury action is left with income-producing assets and the uninjured spouse is left destitute. Such a result would be inequitable and trial judges should be permitted to take the personal injury award into account in fashioning a remedy for such inequities.

We do not decide here that the settlement proceeds in this case must be divided. That is a matter for the sound discretion of the trial court after a full hearing on the merits. We do hold that the division of assets is to be equitable and plaintiff's pain and suffering award should not have been excluded from consideration "as a matter of law".

Reversed and remanded for proceedings consistent with this opinion. We retain no further jurisdiction.

Costs to abide the final outcome.