LINDNER v LINDNER

Docket No. 74317. Submitted April 16, 1984, at Detroit.—Decided September 17, 1984.

Plaintiff, Kenneth W. Lindner, brought an action in the Wayne Circuit Court against defendant, Ruth B. Lindner, seeking a divorce. Defendant thereafter brought a motion for a declaratory judgment allowing the plaintiff's teacher's retirement pension to be an includable asset in the parties' marital estate for evaluation purposes only. The trial court, Paul S. Teranes, J., granted the motion for declaratory judgment. Plaintiff appeals by leave granted. *Held:*

The taking of the pension into account in arriving at an equitable distribution in a divorce case is not a "process of law" and does not violate the statute making such pensions immune from legal process.

Affirmed and remanded for a trial on the merits.

1. DIVORCE — PROPERTY SETTLEMENTS — MARITAL ASSETS — TEACHER'S RETIREMENT PENSIONS.

The taking of a teacher's retirement pension into account for purposes of arriving at an equitable distribution in a divorce action is not a "process of law" and does not violate the statute which exempts such pension funds from execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or other processes of law (MCL 38.1346[1]; MSA 15.893[156][1]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 24 Am Jur 2d, Divorce and Separation § 817.·

[1, 3] 24 Am Jur 2d, Divorce and Separation § 905 *et seq.*

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

[3] 31 Am Jur 2d, Exemptions § 97.

Employee retirement pension benefits as exempt from garnishment, attachment, levy, execution, or similar prosecution. 93 ALR3d 711.

[5] 62 Am Jur 2d, Process § 1.

2. DIVORCE — PROPERTY SETTLEMENTS.

   All assets of the parties, whether owned jointly or separately, are considered marital assets for property settlement purposes.

3. DEBTOR AND CREDITOR — STATE POLICE PENSIONS — TEACHER'S RETIREMENT PENSIONS — EXEMPTION FROM LEGAL PROCESS.

   The purpose behind the statutes exempting State Police and teacher's retirement pension funds from legal process is to protect the employee from claims of creditors (MCL 28.110, 38.1346[1]; MSA 3.340, 15.893[156][1]).

4. DIVORCE — PROPERTY SETTLEMENTS.

   The marital relationship is not that of a debtor and creditor; although a spouse is similar to a partner, the relationship is unique in the law and need not be analogized to any other type of legal entity; the law governing the creation and dissolution of a marriage is unique unto itself and a rule that applies to commercial transactions need not apply to a marriage where the public policy considerations relating to the protection of divorcing spouses are entirely different.

5. WORDS AND PHRASES — "PROCESS OF LAW".

   A "process of law" is a writ, mandate, attachment, execution or injunction.

*Draugelis, Ashton, Scully & Haynes* (by *Michael Pollard*), for plaintiff.

*Henry, Lewandowski & Myles* (by *Daniel J. Henry, Jr.,* and *Robert G. Lewandowski*), for defendant.

Before: SHEPHERD, P.J., and BEASLEY and W. J. CAPRATHE,* JJ.

SHEPHERD, P.J. This is a divorce case in which the trial court granted a declaratory judgment in favor of the wife, ruling that the inclusion of the husband's teacher's pension plan as a marital asset for purposes of equitable distribution did not violate MCL 38.1346(1); MSA 15.893(156)(1), which

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

makes such pensions immune from legal process. We affirm and remand for a trial on the merits.[1]

We recently held that all assets of the parties, whether owned jointly or separately, are considered marital assets for property settlement purposes in light of the Michigan statute which allows the court to award to a divorcing spouse any part of the real and personal estate of either party if the estate and effects otherwise awarded are insufficient to suitably support that party and any of the couple's children entrusted to his or her care. See *Bywater v Bywater,* 128 Mich App 396; 340 NW2d 102 (1983), where we held that a husband's award for pain and suffering in an automobile accident case was to be considered a marital asset even though the award was his sole property. See also *Hatcher v Hatcher,* 129 Mich App 753; 343 NW2d 498 (1983), where we held that a husband's private pension plan was to be considered a marital asset.

The instant case presents the issue of how this general rule is to be applied to a teacher's pension plan, given the existence of MCL 38.1346(1); MSA 15.893(156)(1), which exempts such funds from "* * * execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or other process of law * * *".

In *Public School Employees' Retirement Bd v*

[1] We do not look with favor on this method of resolving interlocutory issues in divorce cases. Although phrased in terms of a "declaratory judgment", the trial court's order is not a final judgment and a claim of appeal would not have been accepted had the posture of this case been known at the time the appeal was filed. However, to avoid further delay, we treat the claim of appeal as an application for leave to appeal, grant the application and decide the merits of this appeal. We urge trial courts to make rulings in divorce cases by way of a final judgment. We doubt that much time or expense has been saved by presenting this single issue to us, and we caution the bar that in future cases the appropriate method to review a ruling of this nature is to file an application for leave to appeal.

*Wexford Circuit Judge,* 39 Mich App 568; 197 NW2d 854 (1972), we held that, under the predecessor to MCL 38.1346(1), a court could not order pension funds transferred to the custody of the court. This holding does not resolve the instant case, since here the only issue is whether the trial court may take the pension into account in disposing of assets, not whether the funds themselves may be made subject to the court's process. In *Hatcher, supra,* we held that the trial court has available to it a variety of ways to take such funds into account, including the vehicle of alimony and the awarding of additional assets to the wife, while allowing the husband to retain the entire pension itself. None of these methods would subject the pension funds themselves to the court's process. See *Hutchins v Hutchins,* 71 Mich App 361; 248 NW2d 272 (1976), where we held similarly with regard to a State Police pension which is also immune from legal process under MCL 28.110; MSA 3.340.[2]

The purpose behind the rule exempting pensions from legal process is to protect the employee from claims of creditors. The marital relationship is not that of a debtor and creditor. Although a spouse is similar to a partner, the relationship is unique in the law and need not be analogized to any other type of legal entity. A spouse is a spouse. The law governing the creation and dissolution of a mar-

[2] The husband argues that this case is governed by *Grotelueschen v Grotelueschen,* 13 Mich App 395; 318 NW2d 227 (1982), *lv den* 417 Mich 940 (1983). *Grotelueschen* arguably holds contrary to our ruling, but since there the Court held that the pension had not been made a part of the marital estate and the overall property settlement was equitable, that case has minimal application to the facts of this case. We also believe that *Grotelueschen* has minimal precedential value in light of *Bywater v Bywater,* 128 Mich App 396; 340 NW2d 102 (1983), and *Hatcher v Hatcher,* 129 Mich App 753; 343 NW2d 498 (1983), and in view of the fact that *Grotelueschen* did not cite *Hutchins v Hutchins,* 71 Mich App 361; 248 NW2d 272 (1976).

riage is unique unto itself and a rule that applies to commercial transactions need not apply to a marriage where the public policy considerations relating to the protection of divorcing spouses, *e.g.,* the desirability of adequate support and an equitable division of joint property, are entirely different. For this reason we must give a strict construction to the statute in question and hold that taking a pension into account in arriving at an equitable distribution in a divorce case is not a "process of law", which, when strictly construed, means a writ, mandate, attachment, execution or injunction. See Black's Law Dictionary (4th ed), p 1370.

Affirmed. Remanded for trial on the merits.

Costs to abide the final outcome.