## RUST v RUST

Docket No. 74215. Submitted February 3, 1985, at Lansing.—Decided June 19, 1985.

Plaintiff, Noma Jean Rust, and defendant, Mack P. Rust, were granted a divorce by the Genesee Circuit Court. Plaintiff appeals alleging that the trial court, Philip C. Elliott, J., abused its discretion in regard to the division of defendant's pension and that the court was unfairly biased against plaintiff. *Held:*

1. Plaintiff is receiving an equitable share of defendant's pension. The court's award of alimony was an acceptable way in which to distribute the pension benefits. There was no abuse of discretion.

2. There is no indication that the trial judge was prejudiced or biased against plaintiff.

Affirmed.

1. Divorce — Division of Property — Appeal.

The Court of Appeals reviews property settlements in divorce cases *de novo* on the record, but it does not substitute its judgment for that of the trial court except where the trial court abused its discretion or the Court of Appeals is convinced that

References for Points in Headnotes

[1, 2] Am Jur 2d, Divorce and Separation § 864 *et seq.*

Spouse's acceptance of payments under alimony or property settlement or child support provisions of divorce judgment as precluding appeal therefrom. 29 ALR3d 1184.

[3] Am Jur 2d, Divorce and Separation §§ 711, 714.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

[4] Am Jur 2d, Judges § 166 *et seq.*

Construction and application of 23 USCS § 455(a) providing for disqualification of justice, judge, magistrate, or referee in bankruptcy in any proceeding in which his impartiality might reasonably be questioned. 40 ALR Fed 954.

Disqualification of judge by state, in criminal case, for bias or prejudice. 68 ALR3d 509.

Disqualification of judge for bias against counsel for litigant. 23 ALR3d 1416.

it would have reached a different result had it been sitting in the trial court's position.

2. DIVORCE — DIVISION OF PROPERTY.

The objective of a property settlement in a divorce action is to reach a fair and equitable division in light of all the circumstances; such division need not be equal, it need only be equitable.

3. DIVORCE — ALIMONY — PENSION BENEFITS.

An award of alimony is an acceptable way in which to distribute pension benefits in a divorce action; a provision for such payments to be halted if the spouse remarries is allowed.

4. JUDGES — BIAS — PRESUMPTIONS.

It is presumed that a trial judge is fair and impartial and a litigant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption.

*Dean, Dean, Segar, Hart & Shulman, P.C.* (by *Cameron Dean),* for plaintiff.

*Trembley & Trembley, P.C.* (by *James Trembley),* for defendant.

Before: D. E. HOLBROOK, JR., P.J. and ALLEN and E. M. THOMAS,* JJ.

PER CURIAM. Plaintiff-wife appeals as of right from the trial court's distribution of the marital estate pursuant to a judgment of divorce. On appeal plaintiff contends that the court abused its discretion in the handling of the division of defendant's pension and that the court was unfairly biased against plaintiff.

This Court reviews property settlements in divorce cases *de novo,* however we will not substitute our judgment for that of the trial court unless there has been an abuse of discretion, *Gregg v*

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

*Gregg,* 133 Mich App 23, 26; 348 NW2d 295 (1984), or unless we are convinced that we would have reached a different result had we been sitting in the trial court's position. *Hatcher v Hatcher,* 129 Mich App 753, 760; 343 NW2d 498 (1983). The objective of the property settlement is to reach a fair and equitable division in light of all the circumstances. Such division need not be equal, it needs only to be equitable. *Gregg, supra,* p 26.

Plaintiff contends that she is not receiving an equitable share of defendant's pension. We disagree. The pension was considered a marital asset. *Perry v Perry,* 133 Mich App 453, 457; 350 NW2d 275 (1984). The court, in its findings of facts, determined that defendant receives $1,706.22 per month in pension benefits. So that plaintiff could receive defendant's full pension after his death, defendant gave up $204 per month that he would otherwise be receiving so as to have plaintiff named as a contingent beneficiary. This future interest of plaintiff does have a present value. The court further determined that 21/25ths, or $1,433.22 of the $1,706.22, was earned during the marriage. The court ordered alimony in the amount of $225 per month, which is an acceptable way in which to distribute pension benefits. *Perry, supra,* p 460.

Taking into consideration the $204 value plus the $225 alimony, plaintiff received approximately 30% of defendant's monthly pension. When the contingency of defendant's predeceasing plaintiff in the future, thus having plaintiff receiving all of defendant's pension, is taken into account, we cannot say that there is any abuse of discretion here.[1]

---

[1] At this point in time there is no set method for the valuation of a pension plan. The trial court had the option to award plaintiff only one-half of the defendant's actual contribution to the pension plan

Plaintiff contends that since the alimony award may be terminated upon her remarriage or cohabitation she is not receiving her portion of defendant's pension. We find this claim to be meritless. As plaintiff currently earns a weekly salary of $152 and defendant earns $100 per week, the alimony cannot be based on salary. Plaintiff was not awarded a sum certain and there is no requirement that pension benefits be distributed in that manner. *Perry, supra,* and *Diephouse v Diephouse,* 127 Mich App 526; 339 NW2d 42 (1983).

This Court has allowed pension benefits to be awarded as alimony and permitted such payments to be halted if the spouse remarries. *Perry, supra.*

Plaintiff also claims error occurred in that the trial judge was biased against her. We do not agree. There is no indication that the trial judge was prejudiced or biased against plaintiff by his recognition that defendant's election of plaintiff as a contingent beneficiary was permanent. A party seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. Plaintiff has not met this burden. *Arnholt v Arnholt,* 129 Mich App 810, 817-818; 343 NW2d 214 (1983).

Defendant asks us to determine the effect that this appeal has on the parties' marital status. In the instant case, the judgment of divorce was written and entered. *Tiedman v Tiedman,* 400 Mich 571; 255 NW2d 632 (1977). GCR 1963, 808.1 provides in pertinent part:

> "No appeal to the Court of Appeals shall operate as a stay of execution unless and until there is filed a bond * * * ."

during the marriage. *Giesen v Giesen,* 140 Mich App 335; 364 NW2d 327 (1985).

While the powers of this Court are not limited and we could stay, suspend, modify or restore a judgment, GCR 1963, 530.6, we have not done so in this case. Accordingly, when a divorce judgment is entered,[2] we hold that the parties are formally divorced at that point.

Affirmed. Costs to defendant.

[2] We do not address the question that may arise if one spouse contests the validity of the entire divorce. In this situation the parties are only contesting the property settlement and not the divorce itself.