KEEN v KEEN

Docket No. 71199. Submitted January 10, 1985, at Lansing.—Decided September 30, 1985.

Plaintiff, Charles E. Keen, and defendant, Patricia E. Keen, were divorced on September 24, 1982, in the Washtenaw Circuit Court, Edward D. Deake, J. Plaintiff was a retired army officer. The court failed to consider plaintiff's military retirement pay as a marital asset and refused to order that defendant be continued as a beneficiary under plaintiff's survivor benefit plan. Defendant appealed. *Held:*

1. The Uniformed Services Former Spouses' Protection Act provision allowing retirement and retainer pay of service personnel to be treated as a marital asset is retroactive to June 26, 1981. The court erred in holding that plaintiff's military retirement was not a marital asset.

2. A spouse of a retired military service person who was the beneficiary of the survivor benefit plan at the time that the plan vested is not entitled to a divorce decree requiring that person to be continued as a beneficiary of the plan following the divorce, absent voluntary election by the service person. Plaintiff did not make such an election. The court did not err in refusing to order that defendant be kept as a beneficiary under plaintiff's survivor benefit plan.

3. A trial court's decision concerning the assets of a marital estate will not be disturbed unless such finding constitutes an abuse of discretion. The award of attorney fees in a divorce case is within the discretion of the court and its decision will not be disturbed absent an abuse of discretion. There was no

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Divorce and Separation §§ 908, 909.

[3] Am Jur 2d, Divorce and Separation §§ 864 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Divorce and Separation.

[4] Am Jur 2d, Divorce and Separation § 591.
Authority of divorce court to award prospective for anticipated attorney's fees to enable parties to maintain or defend divorce suit. 22 ALR4th 407.

evidence that the trial court abused its discretion in valuing marital assets or in awarding attorney fees.

Remanded for further proceedings.

1. DIVORCE — MILITARY RETIREMENT BENEFITS — MARITAL ASSETS.

The Uniformed Services Former Spouses' Protection Act provision allowing retirement and retainer pay of service personnel to be treated as a marital asset is retroactivce to June 26, 1981 (10 USC 1408[c][1]).

2. DIVORCE — MILITARY RETIREMENT BENEFITS — SURVIVOR BENEFIT PLAN.

A spouse of a retired military service person who was the beneficiary of the survivor benefit plan at the time the plan vested is not entitled to a divorce decree requiring that person to be continued as a beneficiary of the plan following the divorce, absent voluntary election by the service person (10 USC 1450[f][4]).

3. DIVORCE — PROPERTY DIVISIONS — APPEAL.

A trial court's decision concerning the assets of a marital estate will not be disturbed unless such finding constitutes an abuse of discretion.

4. DIVORCE — ATTORNEY FEES — APPEAL.

The award of attorney fees in a divorce case is within the discretion of the court and its decision will not be disturbed absent an abuse of discretion.

*Barr, Anhut & Sacks, P.C.* (by *William F. Anhut*), for plaintiff.

*Shirley J. Burgoyne,* for defendant.

Before: ALLEN, P.J., and J. H. GILLIS and W. J. GIOVAN,* JJ.

W. J. GIOVAN, J. Defendant appeals from a judgment of divorce entered September 24, 1982, and from the trial court's subsequent denial of her motion for a new trial, which the circuit judge treated as a motion for modification of the divorce decree.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff and defendant were married September 27, 1958, and had five children. Plaintiff joined the army in October, 1958, received an officer's commission in 1965, and retired as a major on July 1, 1979.

Defendant claims on appeal that the property settlement of the divorce judgment was erroneously fashioned because the trial court did not consider plaintiff's nondisability military retirement pay as a marital asset. The defendant also claims error in the refusal of the trial court to continue her as a beneficiary under plaintiff's survivor benefit plan, in the court's valuation of the property awarded to her, in the amount of attorney fees awarded to her, and in the failure of the trial court to modify the judgment of divorce in order to render the defendant eligible for certain medical, commissary and exchange privileges available to former spouses of service personnel under federal law.

We first address the question whether the Uniformed Services Former Spouses; Protection Act, Pub L No. 97-252, § 1002(a), 96 Stat 730 (1982) (codified at 10 USC 1401 *et seq.),* (hereafter USFSPA), should be given retroactive effect so as to include nondisability retirement pay as a marital asset in the instant case.

The law applicable to the disposition of military pensions has undergone many changes in recent years.

In *Chisnell v Chisnell,* 82 Mich App 699, 706; 267 NW2d 155 (1978), *lv den* 403 Mich 844 (1978), *cert den* 442 US 940; 99 S Ct 2881; 61 L Ed 2d 310 (1979), this Court held that a military pension, viewed as deferred compensation for services rendered prior to retirement, was properly considered a marital asset by virtue of the spouse's contributions to the marriage.

In *McCarty v McCarty*, 453 US 210; 101 S Ct 2728; 69 L Ed 2d 589 (1981), decided June 26, 1981, the United States Supreme Court held that federal law precludes a state court from awarding a non-military spouse a portion of the military spouse's government pension. The Court pointed out that "the plight of an ex-spouse of a retired service member is often a serious one", 453 US 235, but stated that it was up to Congress to devise a remedy.

Subsequently, in *Grotelueschen v Grotelueschen*, 113 Mich App 395 (1982); 318 NW2d 227 (1982), *lv den* 417 Mich 940 (1983), this Court held that as a result of *McCarty, supra*, military pension benefits could no longer be treated as a marital asset.

Congress then passed the USFSPA, which was signed into law on September 8, 1982, and which became effective February 1, 1983. The act provides, in part:

"Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." 10 USC 1408(c)(1).

The legislative history reveals:

"The provisions of [the USFSPA] reversing the effect of the *McCarty* decision are retroactive to June 26, 1981, the date on which the U.S. Supreme Court issued that decision. That is, the committee intends the legislation to restore the law to what it was when the courts were permitted to apply State divorce laws to military retired pay. *Former spouses divorced in the interim period between the McCarty decision and the effective date of this law will have the opportunity to return to*

*court to have their decrees modified in light of this legislation."* (Emphasis supplied). S Rep No. 97-502, July 22, 1982, *reprinted in* 1982 US Code Cong & Ad News 1596, 1599-1600.

Courts in other jurisdictions have held that § 1408(c) (1) of USFSPA is retroactively effective to June 26, 1981. See, *e.g., Koppenhaver v Koppenhaver,* 101 NM 105; 678 P2d 1180 (NM App, 1984), *cert den* 101 NM 11; 677 P2d 624 (1984), *Castiglioni v Castiglioni,* 192 NJ Super 594; 471 A2d 809 (1984); *Menard v Menard,* 460 So 2d 751 (La App, 1984); *Harrell v Harrell,* 684 SW2d 118 (Tex App, 1984); *Faught v Faught,* 67 NC App 37; 312 SE2d 504 (1984), *rev den* 311 NC 304; 317 SE2d 680 (1984); *Coates v Coates,* 650 SW2d 307, 311 (Mo App, 1983), and *Smith v Smith,* 458 A2d 711 (Del Family Ct, 1983).

The trial court's findings of fact and determinations as to property division, alimony and attorney fees were contained in a written opinion dated August 18, 1982, and a judgment of divorce in conformity with the opinion was entered on September 24, 1982. On April 21, 1983, the trial court, in its opinion on defendant's motion for modification of the divorce judgment, held that § 1408(c)(1) of the act was not retroactively effective to June 26, 1981.

We disagree. The object of the USFSPA was to retroactively subject the disposition of military pensions in divorce actions to state law as it existed prior to that date. Because the law in this jurisdiction prior to June 26, 1981, was that military retirement pay should be considered a marital asset and may be divided as part of a property settlement in a divorce, *Chisnell, supra,* plaintiff's pension in the instant case should have been considered a marital asset pursuant to the defendant's post-judgment motion.

Accordingly, the trial court on remand should reassess its distribution to the parties in the light of the eligibility of the pension to be divided as a marital asset. In so providing we do not intimate, however, that the trial judge must necessarily modify the overall distribution contained in the judgment. First, of course, the fact that a military pension is susceptible of being divided does not mean that it must be divided in any given case.[1] The trial judge's opinion suggests, moreover, that he awarded alimony to the defendant in recognition of the value of the plaintiff's pension benefits:[2]

"This Court realizes that it cannot skirt the mandates of *McCarty* and *Grotelueschen, supra,* in order to achieve justice in this case. However, the Court finds that the financial position of the parties would justify an alimony award. The amount of the alimony cannot be based on a flat percentage of the military pension, but there is some authority for the proposition that military pension benefits along with other income may be considered as one factor in awarding alimony, namely ability to pay."

Nevertheless, to insure that the discretion of the circuit court in awarding marital assets has been or will be exercised to its fullest legitimate extent, we remand this action to the trial court to determine whether any adjustment of the overall distribution to the parties is appropriate in the light of the status of plaintiff's pension as a marital asset.

---

[1] "The purpose of this provision is to place the courts in the same position that they were on June 26, 1981, the date of the *McCarty* decision, with respect to treatment of non-disability military retired or retainer pay. * * * Nothing in this provision requires any division; it leaves that issue up to the courts applying community property, equitable distribution or other principles of marital property determination and distribution." 1982 US Code Cong & Ad News 1611.

[2] Alimony is an appropriate vehicle in proper cases to put a just division of pension benefits in the hands of the nonpension-holding spouse. *Perry v Perry,* 133 Mich App 453, 460; 350 NW2d 275 (1984).

The defendant claims that the trial court erred in declining to order that she be continued as the beneficiary under the plaintiff's survivor benefit plan. The plan, provided for under 10 USC 1447-1455, would award an annuity to a named beneficiary on plaintiff's death. During the marriage the plaintiff designated the defendant as beneficiary, and a sum was deducted yearly from his military retirement pay as premiums for the plan. At trial the plaintiff testified that he intended to name his daughter as beneficiary of the plan.

10 USC 1450(f)(4) provides:

"Nothing in this chapter authorizes any court to order any person to elect under section 1448(b) of this title to provide an annuity to a former spouse unless such person has voluntarily agreed in writing to make such elction."

We find no merit in defendant's claim that the plaintiff's original election to name her as beneficiary is irrevocable. The plain language of the statute withholds the authority of a court to order the plaintiff to provide an annuity to his former spouse unless he agrees in writing to do so, and he has not so elected. Courts in other jurisdictions which have addressed the issue, moreover, have unanimously held that a person who was the beneficiary as spouse of a retired service person at the time the plan vested is not entitled to a divorce decree requiring that person to be continued as a beneficiary of the plan following divorce, absent voluntary election by the service person. *In re Marriage of Williams,* 39 Wash App 224; 692 P2d 885 (1984); *Barros v Barros,* 34 Wash App 266; 660 P2d 770 (1983), *rev den* 100 Wash 2d 1022 (1983); *Brown v Brown,* 279 SC 116; 302 SE2d 860 (1983). The trial court did not err in refusing to

designate defendant as a beneficiary under plaintiff's survivor benefit plan.

Defendant claims the trial court erred in valuing certain assets of the marital estate and in including or failing to include certain amounts of money in the marital estate. A trial court's decision concerning the assets of a marital estate will not be disturbed unless such finding constitutes an abuse of discretion. *Levison v Levison,* 13 Mich App 243, 244; 163 NW2d 834 (1968). A trial judge's valuation of the marital property will not be upset on appeal unless that valuation is clearly erroneous. *Cantor v Cantor,* 87 Mich App 485; 274 NW2d 825 (1978); *Levison v Levison, supra.* We find the trial court's findings were adequately supported in the record.

Defendant contends that the trial court awarded insufficient attorney fees to the defendant. Attorney fees may be awarded as necessary to enable a party to carry on or defend a divorce action. MCR 3.206(A); *Gove v Gove,* 71 Mich App 431; 248 NW2d 573 (1976). The award of attorney fees is within the sound discretion of the trial court. *Chisnell v Chisnell, supra,* p 707. The defendant made no showing that she was unable to pay her attorney fees in excess of the trial court's award and, in any event, has failed to demonstrate an abuse of discretion in the award of fees.

Finally, the defendant complains of the trial court's failure to amend the judgment of divorce to render her eligible for certain benefits available under federal law. Under various provisions of the USFSPA, medical benefits and commissary and exchange privileges are avilable to former spouses of service personnel under certain conditions. Under that legislation, however, the benefits are available only if provided for in a final decree of divorce entered after February 1, 1983. Pub L No.

97-252, § 1006(d), 96 Stat 730, 737-738 (1982). Since the judgment in this action has not yet become final, and since the plaintiff has no objection to the inclusion of provisions in the judgment that would render the defendant eligible for the benefits, we see no reason why such provisions should not be included in the judgment on remand.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.