KEEN v KEEN

Docket No. 89786. Submitted March 12, 1987, at Lansing. Decided
    May 18, 1987.

Plaintiff, Charles E. Keen, and defendant, Patricia E. Keen, were
    divorced on September 24, 1982, in the Washtenaw Circuit
    Court, Edward D. Deake, J. Plaintiff was a retired army officer.
    The court failed to consider plaintiff's military retirement pay
    as a marital asset and refused to order that defendant be
    continued as a beneficiary under plaintiff's survivor benefit
    plan. Defendant appealed. The Court of Appeals held that
    military pensions were marital assets subject to division upon
    divorce. The Court remanded to the circuit court to determine
    if an adjustment in the overall distribution was warranted in
    view of the holding, 145 Mich App 824 (1985). On remand, the
    circuit court, Edward D. Deake, J., adjusted the award of
    alimony to defendant. Defendant appealed.

    The Court of Appeals *held:*

    While, in appropriate cases, alimony may be a viable method
    of distributing pension benefits, alimony and division of prop-
    erty are separate concepts serving different purposes and
    should be kept as distinct as possible.

    Reversed and remanded with instructions.

DIVORCE — DIVISION OF PROPERTY — ALIMONY — PENSION BENEFITS.

    While, in appropriate cases, alimony may be a viable method of
    distributing pension benefits, alimony and division of property
    are separate concepts serving different purposes and should be
    kept as distinct as possible.

*Barr, Anhut & Sacks, P.C.* (by *William F. An-
hut*), for plaintiff.

*Shirley J. Burgoyne,* for defendant.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 817 *et seq.;* 870 *et seq.;* 909.

Divorce: equitable distribution doctrine. 41 ALR4th 481.

Pension or retirement benefits as subject to award or division by
    court in settlement of property rights between spouses, 94 ALR3d
    176.

Before: SAWYER, P.J., and MCDONALD and H. J.
SZYMANSKI,* JJ.

PER CURIAM. The parties were divorced in 1982,
following which defendant appealed the judgment
of divorce to this Court, which remanded for fur-
ther proceedings. *Keen v Keen,* 145 Mich App 824;
378 NW2d 612 (1985). In the original appeal, this
Court held that plaintiff's military pension was
subject to division in the divorce proceedings, con-
trary to the trial court's ruling. The trial court's
instructions on remand were as follows:

> Accordingly, the trial court on remand should
> reassess its distribution to the parties in the light
> of the eligibility of the pension to be divided as a
> marital asset. In so providing we do not intimate,
> however, that the trial judge must necessarily
> modify the overall distribution contained in the
> judgment.
>
> *    *    *
>
> Nevertheless, to insure that the discretion of the
> circuit court in awarding marital assets has been
> or will be exercised to its fullest legitimate extent,
> we remand this action to the trial court to deter-
> mine whether any adjustment of the overall distri-
> bution to the parties is appropriate in the light of
> the status of plaintiff's pension as a marital asset.
> [145 Mich App 829.]

The trial court held a hearing on remand and
entered a decision which adjusted the alimony
award:

> The Court of `Appeals remanded the instant
> action to the trial court to determine whether any
> adjustment of the overall distribution to the par-
> ties is appropriate in the light of the status of
> plaintiff's pension as a marital asset. This court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

determines that there should be an adjustment in the alimony award.

This Court has held that the award of alimony is an appropriate method of distributing pension benefits in the proper case. *Rust v Rust,* 143 Mich App 704, 706; 373 NW2d 197 (1985); *Perry v Perry,* 133 Mich App 453, 460; 350 NW2d 275 (1984). However, our Court is not of one mind on this subject. See, e.g., Judge BRONSON's opinion in *Boyd v Boyd,* 116 Mich App 774, 783; 323 NW2d 553 (1982), which adopted a delayed distribution of assets, but not alimony:

. . .

> In this case, the court could defer distribution of any pension benefits until plaintiff begins to receive them. Such payments would resemble alimony, but would be considered the delayed distribution of marital assets. Whether such a method of distribution should be used in this case, or any case, rests within the trial court's discretion.

While we do not necessarily dispute the rulings in *Rust* and *Perry* that alimony, in the appropriate case, may be a viable method of distributing pension benefits, we do not favor that method. Indeed, in this case, defendant points out what is, perhaps, the most obvious problem with distributing assets through the award of alimony. If defendant remarries, the alimony is terminated. Similarly, alimony would end upon death. This Court, in its prior ruling, directed that the pension was to be treated as a marital asset. *Keen, supra* at 829. We believe it too capricious to determine the share of a marital asset to be awarded a party based upon that party's decision to remarry or the uncontrollable

event of death.[1] Alimony and division of property are separate concepts serving different purposes and, therefore, should be kept as distinct as possible.

Accordingly, we are of the opinion that the trial court should either award a lump sum payment, payments over time, or, in accordance with Judge BRONSON's opinion in *Boyd,* delay payment until the benefits are received. The exact method would, of course, be within the trial court's discretion. However, characterizing any payment as a property distribution rather than alimony, whether immediate or delayed and whether lump sum or over time, would entitle the nonpension-holding spouse to receive the assets due him or her regardless of remarriage or death. In the latter circumstance, the nonpension-holding spouse's estate would presumably be entitled to receive the remainder of the distribution. Thus, an equitable distribution of the marital estate would be achieved regardless of such events as death and remarriage.

Of course, the trial court must still address the question in each case of whether distribution of pension benefits under any scheme is appropriate. *Keen, supra* at 829. The trial court may find that a pension is not distributable due to a lack of an ascertainable value. See *Perry, supra* at 458, quoting *Miller v Miller,* 83 Mich App 672, 677; 269 NW2d 264 (1978). Or, although finding the pension to be distributable, the trial court may wish a spouse to retain all of his or her pension benefits

---

[1] We do recognize, however, that there may be cases in which the distribution of pension benefits through alimony may be the only viable option available to the trial court. We would not wish to limit the trial court's discretion in such cases. However, we are of the opinion that such cases will be relatively rare. Furthermore, we would not limit the parties to a divorce from agreeing upon such a distribution method in a settlement agreement.

and offset that award in the property distribution, rather than requiring payments to be made out of the pension payments.

Turning to the case at bar, we are not convinced that the trial court properly divided plaintiff's pension by increasing the alimony award. We believe it more appropriate to make any division by a cash payment, either lump sum or over time, as a distribution of assets rather than as alimony. Therefore, on remand, the trial court shall determine the value of plaintiff's pension and the equitable distribution of that pension to defendant. Upon determining what amount, if any, defendant should receive in the distribution of the pension, the trial court should then determine the method of distribution of that payment. Any payments over time ordered by the trial court shall not be contingent upon any act of defendant, such as remarriage. Rather, such payments are to be considered a vested property right of defendant.[2]

Finally, to the extent that defendant argues that we should order that she be awarded fifty percent of the value of the pension, we specifically leave it to the trial court to determine the amount, if any, of the pension which should be awarded to defendant. Such determination must be made so as to reach a fair and equitable distribution of property. *Rust, supra* at 706. The division of property need not be equal to be equitable. *Id.*

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[2] We note, however, that the parties are free to reach a settlement on this issue which could include an adjustment of the alimony award if they should so agree.