KEEN v KEEN (AFTER SECOND REMAND)

Docket No. 120410. Submitted March 11, 1992, at Lansing. Decided
May 4, 1992, at 9:15 A.M.

Charles E. Keen obtained a divorce from Patricia E. Keen in the
Washtenaw Circuit Court, Edward D. Deake, J. The defendant
appealed, claiming error in the court's failure to consider the
plaintiff's military retirement pension as a marital asset sub-
ject to division. The Court of Appeals, ALLEN, P.J., and J. H.
GILLIS and W. J. GIOVAN, JJ., agreed and remanded the case for
an adjustment of the division of marital property. 145 Mich
App 824 (1985). On remand, the trial court awarded the defen-
dant a portion of the plaintiff's pension by adjusting the
amount of alimony. The Court of Appeals, SAWYER, P.J., and
McDONALD and H. J. SZYMANSKI, JJ., reversed the adjustment
and remanded the case to the trial court with instructions that
it ascertain the value of the pension and determine an appro-
priate division. 160 Mich App 314 (1987). On second remand,
the trial court determined the value of the pension and
amended the property division provisions of the divorce judg-
ment to award the defendant forty-five percent of the plaintiff's
"net pension" and to allow the plaintiff to make weekly pay-
ments to comply with the award.

After second remand, the Court of Appeals held:

1. The trial court's valuation and distribution of the plain-
tiff's pension was in accord with federal statutes and was
consistent with this Court's instructions on prior remand. How-
ever, remand again is required for a clarification that the
phrase "net pension," as used by the trial court, means "dispos-
able retired pay," as defined in 10 USC 1408(a)(4). The order of
periodic payments by the plaintiff to the defendant should be
clarified as well to conform with 10 USC 1408(d)(3), which
allows only monthly payments.

2. The trial court's division of marital property, particularly
the award of forty-five percent of the plaintiff's pension, was
fair and equitable and did not entail any clearly erroneous
findings of fact.

3. Arrearages on the plaintiff's periodic payments with re-
spect to the award of a portion of his pension to the defendant

are to be subject to simple interest at five percent a year. Likewise, overpayments by the plaintiff are to be credited with interest at the same rate.

4. The trial court did not err in refusing to order the plaintiff to name the defendant as a beneficiary of his survivor benefit plan or to provide her with an insurance policy on his life to assure continued payments on the pension award.

Affirmed but remanded.

*Barr, Anhut & Sacks, P.C.* (by *William F. Anhut*), for the plaintiff.

*Shirley J. Burgoyne,* for the defendant.

AFTER SECOND REMAND

Before: SHEPHERD, P.J., and SAWYER and CONNOR, JJ.

CONNOR, J. Defendant appeals as of right from an amended judgment of divorce entered on August 9, 1989. We affirm in part and reverse in part.

This case has been before this Court on two previous occasions. The parties continue to dispute how to deal with plaintiff's military retirement pension. In *Keen v Keen,* 145 Mich App 824; 378 NW2d 612 (1985), we held that the pension was a marital asset susceptible to division. In *Keen v Keen,* 160 Mich App 314; 407 NW2d 643 (1987), we reversed the trial court's award of alimony as a means of dividing the pension, and we ordered the trial court to ascertain the value of the pension and determine the appropriate amount and method of division. 160 Mich App 318.

On remand, the trial court determined the pension to be worth $218,767 and decided that distributing forty-five percent of the "net pension" to defendant would be equitable. The trial court also determined that weekly payments were an appro-

priate means of dividing and distributing the asset.

Defendant contends that the trial court did not follow the remand order precisely in determining how to value and divide the pension. We affirm the trial court's determination of value. However, we note that the trial court's use of the phrase "net pension" should be understood to mean "disposable retired pay" as defined by federal law. 10 USC 1408(a)(4). Only that portion of plaintiff's total retirement pay defined by statute as disposable retired pay is properly divisible. *Mansell v Mansell,* 490 US 581, 588-589; 109 S Ct 2023; 104 L Ed 2d 675 (1989). This Court also finds that the trial court did not err in ordering periodic payments. This method of distribution accords with the federal statute and will make it possible for defendant to receive her money directly from the federal government, 10 USC 1408(d).[1] Moreover, federal law prohibits defendant from having any right to any portion of plaintiff's retired pay after her death, and retired pay stops when plaintiff dies, 10 USC 1408(c)(2), (d)(4). Because the applicable law has changed from the time of this Court's second decision, the ruling by the trial court should not be viewed as inconsistent with this Court's order for remand. See *Barcheski v Bd of Ed of Grand Rapids Public Schools,* 162 Mich App 388, 394; 412 NW2d 296 (1987).

Defendant also complains that the trial court erred in awarding her only forty-five percent of

[1] We note that 10 USC 1408(d)(3) provides that payments made directly from the federal government shall not be made more frequently than once a month, despite any court order to the contrary. The trial court determined that weekly payments were appropriate. Because we are again remanding this case to the trial court, its order should be clarified further to conform to 10 USC 1408(d)(3) by setting periodic payments on a monthly basis only, although the amount of the payments need only be expressed as a percentage of the disposable retired pay, 10 USC 1408(a)(2)(C).

the disposable retired pay. This Court reviews dispositional rulings by a trial court de novo, but will not reverse the decision unless convinced that it would have reached a different result. *Burkey v Burkey (On Rehearing),* 189 Mich App 72, 78-79; 471 NW2d 631 (1991).[2] The trial court's findings of fact in reaching that decision are reviewed under the clearly erroneous standard. *Beason v Beason,* 435 Mich 791, 805; 460 NW2d 207 (1990); *Burkey, supra.* Distribution of marital assets should be fair and equitable in light of all the circumstances. *Beckett v Beckett,* 186 Mich App 151, 152-153; 463 NW2d 211 (1990). The trial court had already granted the bulk of the other marital assets to defendant while distributing to plaintiff the marital debts. At most, defendant could receive only fifty percent of the pension. 10 USC 1408(e)(1). Considering the property division as a whole, we find no error in the trial court's decision. The property division was fair and equitable.

Defendant next argues that she should have been awarded interest on any arrearages. Considering the passage of time, we agree. *Thomas v Thomas (On Remand),* 176 Mich App 90, 92; 439 NW2d 270 (1989). However, we note that there may have been overpayments to defendant at times. Therefore, when arrearages are calculated,

[2] There is disagreement among panels of this Court concerning whether the de novo standard of review for dispositional rulings survived the Supreme Court's decision in *Beason v Beason,* 435 Mich 791; 460 NW2d 207 (1990). The panel in *Moreen v Moreen,* unpublished opinion per curiam, decided August 26, 1991 (Docket No. 122660), believed a de novo standard for dispositional rulings no longer exists, citing the reasoning in Judge SAWYER's partial dissent in *Burkey v Burkey (On Rehearing),* 189 Mich App 72; 471 NW2d 631 (1991), but was required to follow the majority decision in *Burkey* under Administrative Order No. 1990-6, 436 Mich lxxxiv. Likewise, we are required by the administrative order to follow the majority's decision in *Burkey* and apply a de novo standard of review with regard to the division of property. However, we need not express an opinion regarding this conflict under the facts of this case because our result would be the same under either standard.

five percent simple interest should be added to all underpayments and deducted from all overpayments. *Id.,* 93.

Defendant further contends that she should have been named beneficiary of plaintiff's survivor benefit plan. 10 USC 1448. However, if she were to be named beneficiary, plaintiff's disposable retired pay would be reduced, and consequently her share of that retirement pay would likewise be reduced. 10 USC 1408(a)(4)(D). Additionally, benefits under the plan may be lost if defendant remarries before reaching age fifty-five. 10 USC 1450(b). We find no error in the trial court's decision.[3]

Finally, defendant argues that the trial court should have granted her a life insurance policy on plaintiff to protect her interests in continued payments. Because we have found the property division to be fair and equitable, defendant is not entitled to any further property, including a life insurance policy. If she desires to insure against the risk that plaintiff may die prematurely, she can purchase the insurance herself.

We therefore affirm the judgment of the trial court, but remand for entry of an order clarifying that payments to defendant are to be based on forty-five percent of plaintiff's disposable retired pay and stating that when arrearages are calculated, five percent simple interest is to be charged on any underpayments and the same credited on any overpayments.

Affirmed in part and remanded for entry of an order clarifying the award and granting interest. We do not retain jurisdiction.

---

[3] We are aware that a previous panel addressed this issue on appeal. 145 Mich App 830-831. However, we have revisited this issue rather than apply the law-of-the-case doctrine because of the substantial changes that have occurred in the law while this case was pending.